## LEWIS vs. WINSTON.

*Sixth District Court for Sacramento Co., April T., 1858.*

### BILL IN EQUITY—CONVEYANCE.

*A.*, through his attorney in fact, conveyed certain real estate to *B.*, prior to the passage of the statute concerning conveyances. Subsequent to the execution of the conveyance, the power of attorney executed by *A.* to his attorney was destroyed, without ever having been placed on record. *B.* filed a bill in equity, alleging these facts, and praying that *A.* be decreed to execute to him another conveyance, confirming the act of his attorney, or that a commissioner be appointed to do so. *Held*, that the plaintiff having received a conveyance, perfect and sufficient at the time of its execution, could not maintain the suit.

Bill filed in equity to compel defendant to execute and deliver to plaintiff a perfect conveyance of certain real estate, alleged to have been heretofore by him, by his attorney in fact, conveyed to plaintiff, but defectively, owing to the loss or destruction of the power of attorney, which had never been placed on record.

The necessary facts are given in the opinion.

The names of counsel have not been furnished.

Botts, J.—The bill of the plaintiff alleges, and the evidence shows, that the plaintiff purchased of the defendant, certain lots in the city of Sacramento, in August, 1849. The defendant, by deed of that date, by *P. M. Scoffy*, lawfully authorized by a written power of attorney thereto, executed good and sufficient deeds to the plaintiff. The power of attorney was burnt while in the possession of *Scoffy*,

and has never been recorded. Deeds properly acknowledged, so that they may be admitted to record, have been demanded, and he refuses to execute them unless the plaintiff will pay him the further sum of twenty per cent. upon the present value of the property. The original purchase money was fully paid by the plaintiff. The bill prays that the defendant be decreed to execute a deed, properly acknowledged, confirming the act of his attorney, or that a commissioner may be appointed for that purpose.

When the plaintiff paid his money, he got all he bargained for, or required. No deception was practised upon him; no concealment is pretended; he knew that the power of attorney was not recorded, and he might have declined the purchase on that account. He can hardly ask the court to protect him against the consequences of his own folly. If this had been a bill to perpetuate the evidence of the authority of *Scoffy*, it might have met with a different reception at the hands of the court. But it is urged that the plaintiff was guilty of no folly; that the threatened injury from which he begs to be saved, arises from a subsequent act of the legislature, by which his property might pass into the hands of a subsequent purchaser, if not recorded; and that his title, although perfect at the time, is not such as can be recorded under the act. If the legislature should pass an act, by which the property could be retained by the owner, only upon the contingency of an impossible condition, there could not be much doubt about the constitutionality of such an act. At any rate, I know of no precedent for compelling a vendor of real estate to do more than was necessary at the time of the sale to pass a full and perfect title to the vendee.

But in truth the plaintiff has sustained, and, with due and proper vigilance, could sustain, no injury by the statute aforesaid. True it is that the supreme court, both in *Stafford* v. *Lick*, (7 *Cal.*, April T.,) and in *Call* v. *Hastings*, (3 *Cal.*, 179,) held that the statute operated equally upon the deeds made before and after the statute; but, in saying so, they uphold the constitutionality of the statute upon the very ground that, under the forty-first section, (*Wood's Cal. Dig.*, 104, *art.* 378,) all deeds, good in themselves, executed prior to the

passage of the statute, might be recorded without the formalities prescribed for subsequent conveyances.

The plaintiff having his remedy in his own hands, the prayer of his complaint must be denied.   Let judgment be entered for the defendant.