[Sac. No. 735. Department One.—February 12, 1901.]

FRANK P. CADY, Appellant, v. EDWARD T. PURSER et al., Respondents.

MORTGAGE—ERRONEOUS RECORD—CONSTRUCTIVE NOTICE—PROTECTION OF SUBSEQUENT PURCHASER.—A mortgage of land erroneously recorded in a book of "Bills of Sale and Agreements" does not give constructive notice to a subsequent purchaser of the land at sheriff's sale. Such purchaser is protected, in the absence of actual notice of the mortgage, and has a right to rely upon the absence of constructive notice on the face of the proper book of record.

ID.—AGENCY OF RECORDER FOR PARTY RECORDING—ERRORS AND OMISSIONS.—For the purpose of correct transcription of an instrument into the appropriate book of record, the recorder is the agent of the party recording the instrument, and errors or omissions in the record are, in law, his errors and omissions.

ID.—CONSTRUCTION OF CODE — FILING AND RECORD OF INSTRUMENT.— Section 1170 of the Civil Code, providing that a properly framed instrument is "deemed to be recorded" when "deposited in the recorder's office with the proper officer for record," must be read with section 1213 of that code, making the instrument "acknowledged or proved and certified and recorded as prescribed by law" constructive notice of its contents, and each is to be construed with reference to the purposes for which it was enacted. The instrument cannot be constructive notice of its contents unless "recorded as prescribed by law," which cannot take place, under section 1171 of the Civil Code, construed with sections 124 and 125 of the County Government Act, until the instrument has been transcribed into the proper book.

ID.—TITLE BY PRESCRIPTION NOT OF RECORD—MORTGAGE AND SHERIFF'S DEED—REGISTRY LAW—EFFECT OF POSSESSION.—The fact that the corporation whose property was mortgaged, and subsequently sold and conveyed under execution by the sheriff's deed to another party, held a title by prescription, which was not recorded, cannot affect the provisions of the recording act as between the mortgagee and the sheriff's grantee. The possession of the land by the corporation at the time of the sheriff's deed was prima facie evidence of its title.

ID.—SUBSEQUENT FORECLOSURE OF MORTGAGE— PARAMOUNT TITLE OF PURCHASER.—The paramount title of the purchaser at sheriff's sale is not a proper subject of litigation in a subsequent action to foreclose the mortgage, and if not expressly adjudicated in such action cannot be affected by the decree of foreclosure, nor by the sheriff's sale under the decree.

ID.—DATE OF MORTGAGE AS TO PURCHASER—RELATION OF TITLE UNDER
DECREE.—The mortgage, being void as to the purchaser for want of
proper record had no existence as to him until the commence-
ment of the action to foreclose it; and the title under the
decree cannot, as to the paramount title of the purchaser,
if not expressly adjudicated by the decree, be deemed to relate
back of the commencement of the suit to the actual date of the
mortgage.

ID.—PARTIES TO FORECLOSURE—ISSUE AS TO PURCHASER'S RIGHT—RES-
ERVATION IN DECREE—ESTOPPEL—ACTION TO QUIET TITLE.—Where
the purchaser at the sheriff's sale was made a party defend-
ant to the foreclosure suit, under an averment that his interest
was subject and subordinate to that of the mortgagee, and
he took issue upon that averment, and pleaded his title as
paramount thereto, and all paramount rights of defendants, ex-
cepting the defendant mortgagor, were reserved in the decree,
such purchaser is not estopped by the decree from asserting his
paramount right in an action by him to quiet his title against
the purchaser under the decree of foreclosure.

APPEAL from a judgment of the Superior Court of Lassen
County. C. E. McLaughlin, Judge presiding.

The facts are stated in the opinion of the court.

Goodwin & Goodwin, for Appellant.

The improper record of the mortgage was wholly inopera-
tive as constructive notice. (*Watkins v. Wilhoit*, 104 Cal.
395; *Donald v. Beals*, 57 Cal. 399; *Chamberlain v. Bell*, 7 Cal.
292; *Pringle v. Dunn*, 37 Wis. 449-60[1]; *Van Thorniley v. Peters*,
26 Ohio St. 471; *Luch's Appeal*, 44 Pa. St. 519; *Calder v. Chap-
man*, 52 Pa. St. 359[2]; *McLanahan v. Reeside*, 9 Watts, 508[3];
*Grimstone v. Carter*, 3 Paige, 421[4]; *Terrell v. Andrew County*,
44 Mo. 309; *Sawyer v. Adams*, 8 Vt. 172[5]; *Neslin v. Wells*, 104
U. S. 428; Jones on Mortgages, secs. 550, 551; Pomeroy's Equity
Jurisprudence, sec. 653.) The purchaser at the sheriff's sale,
not having actual notice of the prior mortgage, was protected
therefrom when the certificate of sale was recorded. (*Foorman
v. Wallace*, 75 Cal. 552.)

A. L. Shinn, for Respondents.

[1] 19 Am. Rep. 772.
[2] 91 Am. Dec. 163.
[3] 36 Am. Dec. 136.
[4] 24 Am. Dec. 230.
[5] 30 Am. Dec. 459.

The mortgage was deemed recorded when it was filed for record, and error in transcribing does not affect the mortgagees. (Civ. Code, sec. 1170; Jones on Mortgages, sec. 552; Wade on Notice, sec. 162; Devlin on Deeds, sec. 681; 20 Am. & Eng. Ency. of Law, 572; Webb on Record Title, sec. 10; *Lignoski v. Crooker*, 86 Tex. 324; *Swepson v. Bank*, 9 Lea, 713; *Farabee v. McKerrihan*, 172 Pa. St. 234[6]; *Deming v. Miles*, 35 Neb. 739[7]; *Chandler v. Scott*, 127 Ind. 226; *People v. Bristol*, 35 Mich. 28; *Crews v. Taylor*, 56 Tex. 461; *Beverley v. Ellis*, 1 Rand. 102; *Mutual Life Ins. Co. v. Dake*, 87 N. Y. 257-64; *Oats v. Walls*, 28 Ark. 244; *Nichols v. Reynolds*, 1 R. I. 30[8]; *Marlet v. Hinman*, 77 Wis. 136[9]; *Meherin v. Oaks*, 67 Cal. 57.)

HARRISON, J.—Suit to quiet title. Each party to the action claims title to the land in controversy under the Eagle Lake Land and Irrigation Company, a corporation—the plaintiff by virtue of a sheriff's deed under two judgments rendered against the corporation, and the defendant by virtue of a sheriff's sale under a judgment foreclosing a mortgage executed by the corporation. Judgment was rendered in favor of the defendants, and plaintiff has appealed.

The plaintiff obtained a judgment against the corporation upon a money demand, June 13, 1893, and at the sheriff's sale under an execution issued thereon, purchased the lands described in the complaint herein on February 23, 1894, and the sheriff's certificate therefor was delivered to him and recorded March 5, 1894, and the deed thereon, August 24, 1894. Charles Hartson obtained a judgment against the corporation July 14, 1893, and at the sheriff's sale under an execution issued thereon purchased the same lands and received the sheriff's certificate therefor, which was recorded February 19, 1894. The sheriff's deed upon this certificate was executed to the plaintiff December 21, 1894, by virtue of an assignment of the certificate to him made by Hartson, March 29th. May 24, 1892, the corporation executed a mortgage upon the lands to the defendant Purser. This mortgage was filed for record in the office of the county recorder on November 22, 1892, and was

[6] 51 Am. St. Rep. 734.
[7] 37 Am. St. Rep. 464.
[8] 36 Am. Dec. 238.
[9] 20 Am. St. Rep. 102.

recorded in book "A" of "Bills of Sale and Agreements." March 26, 1894, Purser commenced an action to foreclose this mortgage, making Cady and Hartson defendants therein. Judgment was thereafter rendered in this action for a sale of the mortgaged premises in satisfaction of Purser's claim, but declaring that "said foreclosure sale shall be without prejudice to any and all prior and paramount rights of the said defendants, except the defendant Eagle Lake Land and Irrigation Company." At the sale under this judgment Purser purchased the lands, and afterward received a sheriff's deed therefor.

1. Under the foregoing facts it must be held that at the time the plaintiff and Hartson purchased the lands at the sheriff's sale, they did not either of them have any notice of the mortgage from the corporation to Purser. Whether subsequent purchasers or mortgagees are charged with constructive notice of the contents of an instrument that has been filed for record in the recorder's office, notwithstanding such instrument is afterward incorrectly or improperly copied into the books kept therefor, has been decided differently in different states, but it was held at an early day in this state, and must be regarded as a settled rule, that they have constructive notice of only such matters as appear from the instruments as copied into the proper books. In *Chamberlain v. Bell*, 7 Cal. 292,[10] it was held that an instrument which was incorrectly transcribed by the recorder did not give constructive notice of its contents to a subsequent purchaser, but that such purchaser had the right to rely upon the instrument as it appeared upon the face of the record. In *Donald v. Beals*, 57 Cal. 399, the court said that where there is a conflict between the actual record as it appears in the record book, and the constructive record by the indorsement made upon the instrument at the time it was deposited for record, the latter must give way to the former. In *Watkins v. Wilhoit*, 104 Cal. 395, it was held that an assignment for the benefit of creditors was sufficiently recorded, so far as creditors are concerned by a compliance with section 1170 of the Civil Code, but it was also said that to be effective against subsequent purchasers or mortgagees, and so as to give them constructive

[10] 68 Am. Dec. 260.

notice, it must be recorded in accordance with the provisions of section 1213 of the Civil Code. *Meherin v. Oaks*, 67 Cal. 57, cited by the respondent, was an action against the sheriff for an unlawful seizure and sale of mortgaged property, contrary to section 2969 of the Civil Code, and did not involve any question of the rights of a subsequent purchaser. It appeared that before the sale by the sheriff the mortgagee gave him actual notice of the existence of the mortgage, and the decision went upon the ground that he was thereby put upon inquiry. Having received actual notice of the mortgage, there was no place for the doctrine of constructive notice, and what the court said with reference to section 1170 was irrelevant. The principle upon which the rule rests is, that as under the provisions of the recording act, if the grantee of an interest in lands would protect himself against subsequent purchasers or encumbrancers, he must give notice of his interest, and as the statute provides for constructive notice in the place of actual notice, it is incumbent upon him to comply with all the requirements prescribed for such constructive notice, one of which is the correct transcription of the instrument into the appropriate book. (*Neslin v. Wells*, 104 U. S. 428; *Terrell v. Andrew County*, 44 Mo. 309.) For this purpose the recorder is the agent of such grantee, and the errors or omissions of the recorder in making such transcription are his errors or omissions in the same manner as are the errors of a sheriff in executing a writ, or of a clerk in recording an order or a judgment.

The provision in section 1170 of the Civil Code, that "an instrument is deemed to be recorded when, being duly acknowledged or proved and certified, it is deposited in the recorder's office with the proper officer, for record," must be read in connection with the provisions of section 1213, that "every conveyance of real property acknowledged or proved and certified and recorded as prescribed by law, from the time it is filed with the recorder for record, is constructive notice of the contents thereof to 'subsequent purchasers and mortgagees," and each must be construed with reference to the purposes for which it was enacted. Section 1170 is a part of article II of the chapter on recording transfers, which treats of the "Mode of Recording," and designates the time at which the instrument shall

be deemed to be recorded; while section 1213 is in article IV, which treats of the "Effect of Recording or the Want Thereof," and specifies the conditions under which such effect will be given to the instrument. For the purpose of complying with a statutory requirement, as in the case of official bonds or certificates of marriage, where the evident purpose of the statute is to make the instrument a matter of public record, or when the recording of an instrument is an essential step in perfecting some right or completing some act of the party, as in the case of a declaration of homestead, or an assignment for the benefit of creditors, the depositing of the instrument in the recorder's office is sufficient; but, when merely making a record of the instrument is not the ultimate purpose of the party, but the recording of the instrument is the means by which his ultimate purpose is to be carried into effect, as when his purpose is to give notice of his interest in real estate, section 1213 requires not only that the instrument shall be filed with the recorder for record, but that it shall also be "recorded as prescribed by law." By this requirement, in order that constructive notice of the contents shall be given to subsequent purchasers and mortgagees, the legislature must have intended something in addition to depositing the instrument in the recorder's office for record, since that had already been provided for in section 1170. The word "recorded" in ordinary usage signifies copied or transcribed into some permanent book. In Anderson's Law Dictionary the term "recording" is defined "copying an instrument into the public records in a book kept for that purpose by or under the superintendence of the officer appointed therefor."

By section 124 of the County Government Act as it stood at the time of these transactions (Stats. 1891, p. 324), the recorder was required to "record separately in large and well-bound separate books" the several instruments there named, and section 130 provided that when any instrument was deposited in his office for record, he "must record the same without delay." By section 125 the recorder is required to keep indexes to the several instruments, among which are two indexes labeled, respectively, "Mortgagors of Real Property," and "Mortgagees of Real Property," with the pages divided and so headed as to

show the parties and date and place of record of each mortgage. In addition to this, section 1171 of the Civil Code provides: "Grants absolute in terms are to be recorded in one set of books and mortgages in another." These provisions of the statute fully indicate that an instrument is not "recorded as prescribed by law" until it has been transcribed into the proper book. The policy of the law in this respect is to afford facilities for intending purchasers or mortgagees of land in examining the records for the purpose of ascertaining whether there are any claims against it, and for this purpose it has prescribed the mode in which the recorder shall keep the records of the several instruments; and an instrument must be recorded as herein directed in order that it may be recorded as prescribed by law. If recorded in a different book from the one directed, it is to be regarded the same as if not recorded at all. In *Sawyer v. Adams*, 8 Vt. 172,[11] where an instrument was copied into a book that had not been in use for recording purposes for many years, it was held that the book was improper for that purpose and that the instrument was not "duly recorded," the court saying: "The act of the town clerk was as wholly inoperative as if he had written this deed on a slate, or copied it into his family record." The same principle was declared in *New York Life Ins. Co. v. White*, 17 N. Y. 469. In *Gillig v. Maass*, 28 N. Y. 191, a mortgage recorded in a book of deeds was held not to be duly recorded, and therefore not to give constructive notice of its existence. There is no provision in the statutes of this state authorizing the recorder to transcribe any instrument in a book entitled "Bills of Sale and Agreements," and the above provisions requiring him to record mortgages in separate books, and to keep indexes of such records, lead to the conclusion that the record of the mortgage to Purser was ineffective for giving constructive notice of its contents.

It is immaterial that the corporation's title to the premises did not appear of record in the recorder's office. The provisions of the recording act are not limited to titles which appear of record, but are applicable as well to those which exist by virtue of prescription. The possession of the land by the corporation

---

[11] 30 Am. Dec. 459.

at the time of the sheriff's sale was *prima facie* evidence of its title.

2. The rights acquired by the plaintiff under the sheriff's sale were not affected by the judgment in the action of Purser for the foreclosure of his mortgage, or by the sale under this judgment. By virtue of the provisions of section 1214 of the Civil Code, the omission of Purser to have his mortgage properly recorded rendered it void as against the plaintiff. The plaintiff, purchasing at a sale under his own judgment, was a *bona fide* purchaser for value, and the certificate of sale was a conveyance by which an interest in the property was created, and, as it was immediately recorded, it had priority over the mortgage to Purser. (*Foorman v. Wallace*, 75 Cal. 552.) There was no record of the Purser mortgage prior to the action for its foreclosure.

It has been stated in several cases that the effect of a sale under a judgment in foreclosure is to transfer to the purchaser the title of the mortgagor as it existed at the date of the mortgage, and that in an action for its foreclosure the rights of defendants which were acquired subsequent to its date are extinguished by such sale; and it is contended by the respondents that, as the rights of the plaintiff herein were acquired subsequent to the execution of the Purser mortgage, and, as he was a defendant in the suit for its foreclosure, his rights so acquired were extinguished by the sale under the judgment in that action. These expressions in reference to the effect of a sale under foreclosure were, however, but the statement of a general principle in which only the ordinary facts and the usual conduct of parties were to be considered, but are inapplicable in the consideration of an unusual state of facts or conduct, as where the mortgagee fails to record his mortgage until after a third person has acquired an interest in the land. It would be a harsh rule of procedure to hold that the foreclosure of a mortgage which the statute had declared to be void would extinguish the interest of such third person. The principle is well settled that paramount and adverse titles are not proper subjects for adjudication in actions for the foreclosure of a mortgage. The adverse title here referred to is not limited to one which is adverse to the title which was in the mortgagor at

the date of the mortgage, but includes a title that is adverse to
that which the mortgagee brings before the court. A title may,
be paramount and superior to the title of the mortgagee, al-
though acquired after the date of the mortgage, and, if after
the execution of the mortgage, a purchaser from the mortgagor
acquires a title which is superior to that of the mortgagee, that
title is adverse to the mortgagee's title. The provision in sec-
tion 1214 of the Civil Code, by which the failure of the mort-
gagee to record his mortgage renders it "void" as against sub-
sequent purchasers or mortgagees, deprives it of all considera-
tion in reference to its date, and requires it to be treated as if
it had been executed subsequent to the record of the subsequent
purchaser. Being void as against him, neither its date nor its
contents can be available to defeat his title. As against the
plaintiff herein the mortgage of Purser had no existence until
the commencement of his action for its foreclosure. (*Foorman
v. Wallace, supra; Emeric v. Alvarado*, 90 Cal. 444, 468-71;
*Duff v. Randall*, 116 Cal. 231.[12])

The title of the plaintiff being, therefore, adverse and supe-
rior to that held by Purser, the plaintiff was not a necessary
party to the foreclosure, and, although he was made a party, the
facts presented upon the record were insufficient to render the
judgment against him a bar to his assertion herein of his
superior title. The complaint simply alleged that he had or
claimed to have some interest in the lands, but that such claim
was "subsequent, subject, and subordinate to the lien of the
plaintiff." In his answer thereto the plaintiff herein de-
nied this allegation and affirmatively alleged that his claim
was not subsequent, subject, or subordinate to the plain-
tiff's lien. The court made no finding upon this issue, but
merely found that the defendants claimed some interest in
the premises, and in its judgment expressly decreed "that said
foreclosure sale shall be without prejudice to any and all prior
and paramount rights of the defendants, except the defendant
Eagle Lake Land and Irrigation Company." There was, there-
fore, no adjudication upon the issue whether the title of the
plaintiff herein was subordinate to the claim of the mortgagee,

---

[12] 58 Am. St. Rep. 158.

and the plaintiff is, therefore, not estopped thereby from asserting in this action his claim of title to the lands purchased by him at the sheriff's sale. (*Beronio v. Ventura County Lumber Co.*, 129 Cal. 232.[13]) As we have seen that his title hereby acquired is superior to that derived under the mortgage, the provisions in the decree foreclosing all persons having liens subsequent to the lien of the plaintiff therein is inapplicable to the plaintiff herein, and the superior court erred in holding that the plaintiff herein has no title to the lands, and in rendering judgment in favor of the defendants.

The judgment and order denying a new trial are reversed.

Garoutte, J., and Van Dyke, J., concurred.

Hearing in Bank denied.