[No. D009798. Fourth Dist., Div. One. Mar. 15, 1990.]

STUART HOCHSTEIN, Respondent, v.
JOY LYNN J. HOCHSTEIN ROMERO, Appellant;
MARK EVANS et al., Third Party Claimants and Respondents.

**[Opinion certified for partial publication.\*]**

---

* Pursuant to California Rules of Court, rule 976.1, this opinion is certified for partial publication. The portion to be published follows.

**COUNSEL**

K. Martin White and Nicholas C. Banche for Appellant.

No appearance for Respondent Hochstein.

Higgs, Fletcher & Mack and Thomas P. Sayer, Jr., for Third Party Claimants and Respondents.

---

## OPINION

**FROEHLICH, J.**—Joy Lynn J. Hochstein Romero (Romero) appeals from the judgment[1] denying her application, made pursuant to Code of Civil Procedure section 704.750 et seq., for an order for sale of certain residential real property (the property) owned by third party claimants and respondents Mark and Mickie Evans. Because there is substantial evidence that the Evanses purchased the property as bona fide purchasers for value, without actual or constructive notice of a purported judgment lien against the owner-seller of the property, Portia Hochstein, we conclude the trial court correctly denied Romero's application.

### I. *Factual and Procedural Background*

Romero and Stuart Hochstein were divorced in 1983. As part of the divorce judgment, Stuart received title to the property. The divorce judgment further required Stuart to pay Romero certain amounts which were nonterminable upon death.

In October of 1986 Stuart married Portia and deeded the property to himself and Portia in joint tenancy. Stuart died in November of 1986, vesting title to the property in Portia pursuant to the right of survivorship attendant to a joint tenancy deed.

At the time of Stuart's death he was allegedly in arrears on the payments owed to Romero, and he also owed additional future obligations, for a total indebtedness to Romero of $19,425. Accordingly, in February of 1987, Romero applied for and obtained an order liquidating all past and future amounts owed by Stuart to Romero into a judgment for a sum certain, and subsequently caused the issuance of an abstract of judgment thereon. The abstract of judgment was recorded on February 6, 1987.

The abstract reflected Stuart as the judgment debtor. The reverse side of the abstract named Portia as an additional judgment debtor. This was

---

[1] Rulings entered on a creditor's application for order for sale of dwelling, made pursuant to Code of Civil Procedure section 704.750 et seq., are appealable. (Code Civ. Proc., § 704.830.)

achieved notwithstanding that Portia had not been a party to the divorce proceedings which resulted in the monetary judgment, had never been named or served with process in any lawsuit seeking to hold her liable for Stuart's debts, and was not even notified of Romero's claim against her. ▮ ▮▮▮▮ Romero successfully obtained, ex parte, the abstract of judgment naming Portia as an additional judgment debtor on the theory that the transfer of the property was a fraudulent conveyance, and that Portia was liable as surviving spouse for Stuart's debts under Probate Code section 649.4.[2]

In March of 1988 the Evanses purchased the property from Portia for $173,500 in an arm's-length transaction negotiated through real estate brokers and handled through a conventional escrow. Although the abstract had been recorded, the Evanses denied any knowledge that the property was purportedly encumbered by the judgment lien; and the senior index clerk for the San Diego County Recorder testified the abstract was not indexed under Portia's name at the time the Evanses acquired the property.

In November of 1988 Romero sought an order for the sale of a dwelling, pursuant to Code of Civil Procedure section 704.750 et seq., contending the property remained encumbered by the judgment lien by virtue of Code of Civil Procedure section 697.390.[3] The Evanses opposed Romero's application and filed a third party claim to the property, contending (1) they were bona fide purchasers for value and took the property free of Romero's lien; (2) the abstract of judgment was null and void because it failed to state Stuart's social security number as required by statute; and (3) the abstract was void *ab initio* and hence wholly unenforceable against any party

---

[2] The Evanses argue that even if they had known of the abstract, the judgment as against Portia was void for lack of due process and hence unenforceable against any party. Where a subsequent purchaser acquires property with actual notice of a prior claim against the property, and that claim is deemed unenforceable (under substantive law) as against the grantor, at least one court has concluded that notice of such an unenforceable interest does not deprive the subsequent purchaser of bona fide purchaser status. (See *Hambey* v. *Wise* (1919) 181 Cal. 286, 289 [184 P. 9].) We have substantial doubts that the judgment is enforceable as against Portia, since a judgment obtained without any notice to the affected party is constitutionally invalid because it was obtained in violation of "the most rudimentary demands of due process." (*Armstrong* v. *Manzo* (1965) 380 U.S. 545, 550 [14 L.Ed.2d 62, 65, 85 S.Ct. 1187].) However, it is unnecessary to reach these constitutional issues (*Ferguson* v. *Keays* (1971) 4 Cal.3d 649, 656 at fn. 6 [94 Cal.Rptr. 398, 484 P.2d 70]) in light of our conclusion that substantial evidence supports the conclusion the Evanses did not have notice of the judgment.

[3] Code of Civil Procedure section 697.390 provides: "If an interest in real property that is subject to a judgment lien is transferred or encumbered without satisfying the judgment lien:

". . . . . . . . . . . . . . . . . .

"(b) The interest transferred or encumbered remains subject to a judgment lien created pursuant to Section 697.320 in the amount of the lien at the time of transfer or encumbrance plus interest . . . ."

because Portia, having been named as a judgment debtor without ever being named or served in a lawsuit or accorded the opportunity to defend, had been denied due process.

After oral argument the court took the matter under submission and ultimately ruled in favor of the Evanses by denying Romero's application. After judgment was entered, this appeal followed.

II. *There Is Substantial Evidence That the Evanses Were Bona Fide Purchasers Without Notice and Therefore Took the Property Free of the Purported Lien of the Abstract of Judgment*

■ It is well established that a bona fide purchaser for value who acquires his interest in real property without notice of another's asserted rights in the property takes the property free of such unknown rights. (*Stout v. Gill* (1930) 110 Cal.App. 445, 449 [294 P. 446]; 4 Witkin, Summary of Cal. Law (9th ed. 1987) Real Property, § 206, p. 411.) ■ ■ ■ ■
■ The trial court's order denying Romero's attempt to enforce the purported lien of the abstract of judgment must be sustained on appeal if there is substantial evidence that the Evanses were bona fide purchasers and had no notice of Romero's abstract prior to acquiring title to the property.[4]

The evidence, viewed most favorably to the prevailing party (*Jessup Farms v. Baldwin* (1983) 33 Cal.3d 639, 660 [190 Cal.Rptr. 355, 660 P.2d 813]), amply supports the conclusion that the Evanses were bona fide purchasers. They testified they paid substantial value for the property and the transaction was negotiated at arms length through real estate brokers. Their good faith, and their payment of value, is unchallenged. The only issue is whether they had notice of Romero's abstract before they acquired title on March 22, 1988.

■ Because a purchaser acquires property subject to prior interests of which he has either actual or constructive notice (see generally, 3 Miller & Starr, Current Law of Cal. Real Estate (2d ed. 1989) Recording and Priorities, § 8:38, p. 346), we examine each form of notice.

---

[4] The trial court's order did not specify the grounds relied upon for denying Romero's application. However, it is a familiar principle of appellate review that the judgment of the lower court is presumed correct, and all intendments and presumptions are indulged to support the judgment on matters as to which the record is silent. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 268, pp. 276-277.) Because the record does not reflect the findings on which the trial court's ruling was premised, we must presume the trial court found all facts necessary to support the judgment in favor of the Evanses. (See, e.g, *Stewart v. Langer* (1935) 9 Cal.App.2d 60, 61 [48 P.2d 758].)

## A. *Constructive Notice*

 Romero contends the Evanses are charged with *constructive* notice of the abstract of judgment, based on the fact that the abstract (as filed with the county recorder for recording) referred to Portia as an additional judgment debtor. Ordinarily a recorded document imparts constructive notice to subsequent purchasers and precludes them from acquiring the property as bona fide purchasers without notice, because the law conclusively presumes that a party acquiring property has notice of the contents of a properly recorded document affecting such property. (Civ. Code, §§ 1213, 1214; *Anderson* v. *Willson* (1920) 48 Cal.App. 289, 293 [191 P. 1016]; *Sieger* v. *Standard Oil Co.* (1957) 155 Cal.App.2d 649, 656-657 [318 P.2d 479].)

However, before the constructive notice will be conclusively presumed, the document must be "recorded as prescribed by law." (Civ. Code, § 1213.) A document not indexed as required by statute (see Gov. Code, §§ 27230-27265), does not impart constructive notice because it has not been recorded "as prescribed by law." "The policy of the law [requiring recordation and indexing] is to afford facilities for intending purchasers . . . in examining the records for the purpose of ascertaining whether there are any claims against [the land], and for this purpose it has prescribed the mode in which the recorder shall keep the records of the several instruments, and an instrument must be recorded as herein directed in order that it may be recorded as prescribed by law. If [improperly indexed], it is to be regarded the same as if not recorded at all." (*Cady* v. *Purser* (1901) 131 Cal. 552, 558 [63 P. 844].) Thus, it is not sufficient merely to record the document. "California has an 'index system of recording,' and . . . *correct indexing is essential* to proper recordation. [Citations.]" (4 Witkin, Summary of Cal. Law, *op. cit. supra,* at p. 407; see also 3 Miller & Starr, Current Law of Cal. Real Estate (2d ed. 1989) Recording and Priorities, §§ 8:16-8:20, pp. 308-314.)

The California courts have consistently reasoned that the conclusive imputation of notice of recorded documents depends upon proper indexing because a subsequent purchaser should be charged only with notice of those documents which are locatable by a search of the proper indexes. Conversely, where the document is improperly indexed and hence not locatable by a proper search, mere recordation is insufficient to charge the subsequent purchaser with notice.

Thus, in *Cady* v. *Purser, supra,* 131 Cal. 552, a mortgage on property had been recorded, but had been improperly indexed in the book covering "Bills of Sale and Agreements" rather than in the mortgage book. The court noted that the statutory scheme for recording contemplated that indexes were to

be kept, the purpose of which was to allow subsequent purchasers to locate liens against the property by searching the proper indexes. Because the purpose of proper indexing was to allow the document to be located, the failure properly to index the document rendered it unlocatable, and hence the document had to be treated as though never having been recorded. (*Id.* at pp. 555-558; see also *Rice* v. *Taylor* (1934) 220 Cal. 629, 633-634 [32 P.2d 381] [purchaser searching the appropriate index would not have located the recorded document because improperly indexed; court held purchaser not charged with constructive notice even though the document had been recorded].)

Although the statutory rules governing the mechanics of recording and indexing documents have changed since the decisions in *Cady* and *Rice*,[5] our review of the current statutory scheme convinces us that proper indexing remains an essential precondition to constructive notice. The statutes governing recording (Gov. Code, § 27201 et seq.) still require that indexes be kept and abstracts of judgments be indexed in a column listing "judgment debtors" (Gov. Code, § 27248), or "grantors" where a general index system is used (Gov. Code, § 27257). Indeed, the recorder may charge additional fees if the document must be indexed under more than 10 names. (Gov. Code, § 27361.8.) The obvious purpose of this indexing is to permit prospective purchasers to locate any judgment liens which might exist against the property of the prospective grantor. Failure to properly index such abstracts under the prospective grantor's name prevents the purchaser from acquiring knowledge thereof from the records of the county recorder.[6]

It is undisputed that Portia was not indexed on the county recorder's general index as a judgment debtor to Romero until August of 1988, almost five months *after* the Evanses acquired their title. Because the abstract was improperly indexed, the Evanses are not charged with constructive knowledge thereof. They acquired the property as bona fide purchasers for value

---

[5] The recorder's duties had been governed by former Political Code section 4130 et seq. (See Stats. 1907 ch. 282, § 1, pp. 354, 391-397.) In those days the recorder was obliged physically to transcribe each instrument into separate books for each type of instrument (Pol. Code, § 4131), and to keep separate indexes for each type of instrument (Pol. Code, § 4132) which directed the searcher to the place where the instrument had been recorded. (See generally, *Beatty* v. *Hughes* (1943) 61 Cal.App.2d 489, 491-494 [143 P.2d 110].) The current system permits a single index for all instruments (Gov. Code, § 27257), permits documents to be microfilmed in lieu of hand transcription (Gov. Code, § 27322.2), and permits all instruments to be kept in a single set of books or films in lieu of separate books for each type of instrument (Gov. Code, § 27323). Both systems, however, include the requirement of indexing to the name of the affected party.

[6] The statutory scheme implicitly contemplates that a recorder's error may occasionally cause harm to a recording party, and hence provides a remedy to the recording party: The recorder can be held liable to an injured party for damages occasioned by negligent indexing or recording. (Gov. Code, § 27203.)

without notice of prior interests. (*Stout* v. *Gill*, *supra*, 110 Cal.App. 445, 449 [judgment affecting title to property ineffective against bona fide purchaser without actual notice because not recorded in county where property located].)

B. *Actual Notice**

. . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed.[8]

Benke, Acting P. J., and Huffman, J., concurred.

---

*See footnote, *ante,* page 447.

[8] Because we conclude the Evanses were bona fide purchasers for value, and took the property without notice of the alleged lien, we are not required to address, and do not address, the issue of the alleged invalidity of the abstract of judgment based on Romero's failure to include Stuart's Social Security number on the abstract, as required by Code of Civil Procedure section 674. (See *Keele* v. *Reich* (1985) 169 Cal.App.3d 1129, 1131-1133 [215 Cal.Rptr. 756] [absence of Social Security number held to invalidate abstract as against subsequent purchaser].)