[No. G037423. Fourth Dist., Div. Three. Feb. 23, 2007.]

KRISTINA DYER, Plaintiff and Appellant, v.
EXON MARTINEZ et al., Defendants and Respondents.

**COUNSEL**

Klein & Wilson, Gerald A. Klein and Mark B. Wilson for Plaintiff and Appellant.

Galfin, Passon & Greely and Kenneth D. Passon for Defendants and Respondents.

**OPINION**

**ARONSON, J.**—Plaintiff Kristina Dyer appeals the judgment entered following the trial court's grant of summary judgment in favor of defendants Exon Martinez, Argent Mortgage Company, LLC (Argent), and Town & Country Title Services, Inc. (Town & Country). The court granted summary judgment based on defendants' status as bona fide purchasers and encumbrancers for value who took their interests without knowledge of Dyer's specific performance action against the real property seller. Dyer contends the trial court erred because she had placed a lis pendens with the recorder's office the day before the property closed escrow, putting defendants on constructive notice of her action, even though the recorder's office had not yet indexed the lis pendens.

■ For well over a century, the law in California has been that a recorded document does not provide constructive notice unless and until it can be located by a title search. We have found nothing in the current statute governing the recording of a lis pendens to indicate the Legislature intended to change this long-standing rule concerning constructive notice. Because the lis pendens at issue was not indexed at the time defendants took their interests in the property, it could not have been located by a diligent title search, and therefore did not provide constructive notice. Accordingly, defendants, who had no actual knowledge of Dyer's claim against the property, took their interests free from Dyer's claim. We therefore affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

On June 9, 2003, Dyer agreed to purchase real property in Mission Viejo from Juan Carlos and Aida Rojas. On July 3, 2003, the sellers sent a letter to the escrow company purporting to cancel the sale due to Dyer's purported failure to obtain loan approval and timely close the transaction. They relisted the property for sale on July 15, 2004, just over a year after they purported to cancel the sales agreement with Dyer. On August 19, 2004, Dyer contacted the former listing agent to inform him she had a prior sales agreement to purchase the property and she remained "ready, willing and able to perform under" that agreement.

Dyer filed suit against the Rojases on September 9, 2004, seeking specific performance and damages based on their alleged breach of the sales agreement. The same day, Dyer deposited a lis pendens with the Orange County

Recorder's Office for recording. Although the lis pendens reflects a recording date of September 9, 2004, it was not indexed until September 14, 2004. On September 10, 2004, escrow closed on the sale of the property to Martinez. Martinez purchased the property through loans provided by Argent, secured by two trust deeds in the amounts of $312,500 and $78,800. Town & Country was listed as trustee on the trust deeds.

Dyer filed an amended complaint for breach of contract, quiet title, and declaratory relief against the Rojases and defendants. Among other remedies, Dyer continued to seek specific performance of her sales contract with the Rojases. The Rojases did not respond to Dyer's amended complaint or defendants' cross-complaint, and the clerk entered defaults against them. Defendants moved for summary judgment, contending Dyer's lis pendens failed to provide constructive notice of her claim against the property, and Dyer sought summary adjudication of defendants' affirmative defense concerning the same issue. The trial court granted defendants' motion, denied Dyer's motion, and ordered Dyer's lis pendens expunged. The court then entered judgment.

Dyer petitioned for a writ of mandate seeking a stay of the trial court's order expunging her lis pendens, and directing the superior court to vacate its expungement order. By separate order we denied the request for a stay and deemed the writ petition to be a notice of appeal from the judgment.

## II

### DISCUSSION

*A Lis Pendens Does Not Impart Constructive Notice Until It Has Been Indexed*

■ For over a century, the law in California has been that a bona fide purchaser of real property has constructive notice of only those matters that could be located by a diligent title search. For example, *Chamberlain v. Bell* (1857) 7 Cal. 292, concerned whether a bona fide purchaser had constructive notice of a prior deed that initially had been recorded incorrectly, but was corrected after the purchaser took his interest. The relevant statute provided that " 'every conveyance, certified and recorded in the manner prescribed in this act, shall, from the time of filing the same with the recorder for record, impart notice to all persons of the contents thereof.' " (*Id.* at p. 294.) Despite the literal wording of the statute, the Supreme Court held that the purchaser

received constructive notice from the time the recording had been corrected, and not the date the prior deed had been filed with the recorder. (*Ibid.*) The court reasoned: "The evident design of the Registration Act was, by establishing a notice equally accessible to all, to protect subsequent *bona fide* purchasers. The doctrine of constructive notice, under registration laws, has always been regarded as a harsh necessity, and the statutes which create it have always been subjected to the most rigid construction. [Citation.] . . . [¶] We think the design and intention of this act was to give constructive notice of the facts which appeared upon the face of the record, and that it could not operate as notice of such portions of the deed as, through mistake or carelessness, are not entered of record." (*Ibid.*)

The Supreme Court reached a similar result 44 years later in *Cady v. Purser* (1901) 131 Cal. 552 [63 P. 844] (*Cady*). There, a bona fide purchaser at a sheriff's sale brought an action to quiet title to real property subject to a prior mortgage recorded in the wrong book. The court considered the application of Civil Code section 1170, which provided that " 'an instrument is deemed to be recorded when, being duly acknowledged or proved and certified, it is deposited in the recorder's office with the proper officer, for record . . . .' " (*Cady*, at p. 556.) Although the mortgage had been deposited with the proper officer for recording, the Supreme Court concluded this failed to provide constructive notice. The court reasoned that Civil Code section 1170 must be read in connection with Civil Code section 1213, which provided that " 'every conveyance of real property acknowledged or proved and certified and recorded as prescribed by law, from the time it is filed with the recorder for record, is constructive notice of the contents thereof to subsequent purchasers and mortgagees . . . .' " (*Cady*, at p. 556.) The court further reasoned that both sections "must be construed with reference to the purposes for which it was enacted." (*Ibid.*) The court recognized that "[t]he policy of the law in this respect is to afford facilities for intending purchasers or mortgagees of land in examining the records for the purpose of ascertaining whether there are any claims against it, and for this purpose it has prescribed the mode in which the recorder shall keep the records of the several instruments; and an instrument must be recorded [properly] in order that it may be recorded as prescribed by law. If recorded in a different book from the one directed, it is to be regarded the same as if not recorded at all." (*Id.* at p. 558.) The court applied the general principle that to rely on the fiction of constructive notice, and abrogate the requirement for actual notice, the party seeking recordation must ensure all of the statutory requirements are met. (*Id.* at p. 556.) Accordingly, the recorder is deemed to be an agent of the recording party for this purpose. (*Ibid.*)

*Hochstein v. Romero* (1990) 219 Cal.App.3d 447 [268 Cal.Rptr. 202], addressed the issue of proper indexing. There, the court concluded that a duly recorded abstract of judgment did not provide constructive notice to a bona

fide purchaser because it had not been indexed in the name of the real property seller. The court recognized that real property purchasers or mortgagees cannot be charged with constructive notice of documents they cannot locate, observing: "The California courts have consistently reasoned that the conclusive imputation of notice of recorded documents depends upon proper indexing because *a subsequent purchaser should be charged only with notice of those documents which are locatable by a search of the proper indexes.* Conversely, where the document is improperly indexed and hence not locatable by a proper search, mere recordation is insufficient to charge the subsequent purchaser with notice." (*Id.* at p. 452, italics added.)

*Lewis v. Superior Court* (1994) 30 Cal.App.4th 1850 [37 Cal.Rptr.2d 63], is also on point. Purchasers closed escrow on a property four days after a lis pendens had been submitted for recording, but a day before the lis pendens was indexed. Because the lis pendens could not have been located through a diligent search, *Lewis* held the purchasers had no constructive notice of the pending action at the time they closed escrow. Following precedent, the court in *Lewis* explained the basis for the rule: "The reason an improperly indexed document does not give notice is that no one can find it. The complete absence of indexing, even though it may be temporary, means exactly the same thing—no one can find the document." (*Id.* at p. 1867.)

Acknowledging that all relevant case law is contrary to her position, Dyer argues that we should literally apply Code of Civil Procedure section 405.24, which provides: "From the time of recording the notice of pendency of action, a purchaser, encumbrancer, or other transferee of the real property described in the notice shall be deemed to have constructive notice of the pendency of the noticed action as it relates to the real property and only of its pendency against parties not fictitiously named. The rights and interest of the claimant in the property, as ultimately determined in the pending noticed action, shall relate back to the date of the recording of the notice." Dyer contends that under section 405.24, defendants had constructive notice of her lis pendens on the day she placed it with the recorder's office, even though it had not yet been indexed and could not have been located by a title search.

As noted above, *Cady* declined to apply similar language in Civil Code section 1170 literally, holding section 1170 must be read in harmony with Civil Code section 1213, which provides that constructive notice occurs only when an instrument is " 'recorded as prescribed by law.' " (*Cady, supra,* 131 Cal. at p. 557.) Dyer argues, however, that section 1213 does not apply here because Code of Civil Procedure section 405.24—unlike section 1170— expressly dictates when a lis pendens provides constructive notice. Because section 405.24's constructive notice provision does not include the phrase "as

prescribed by law," Dyer contends the Legislature authorized a departure from the course charted by *Cady* and its progeny. We are not persuaded.

Dyer cites no authority, treatise, or legislative history demonstrating the Legislature enacted Code of Civil Procedure section 405.24 to abrogate the long-standing and uniformly applied rule that purchasers do not receive constructive notice if a diligent title records search would not locate the documents providing that notice.

Before 1992, the lis pendens statute was Code of Civil Procedure section 409, which provided, in part: "From the *time of filing the notice for record only*, a purchaser or encumbrancer of the property affected thereby shall be deemed to have constructive notice of the pendency of the action as it relates to the real property . . . ." (Former Code Civ. Proc., § 409, subd. (a), italics added.) The comments of the Real Property Law section of the State Bar to Code of Civil Procedure section 405.24 explains the change from "the time of filing the notice for record" in section 409 to "the time of recording the notice of pendency of action" in section 405.24 as follows: "This section preserves and clarifies prior law. The last sentence of former CCP 409(a) provided that constructive notice dated from 'the time of filing the notice for record.' Proper terminology is that the notice is not 'filed,' but rather 'recorded' in the land title records maintained by the county recorder. The first sentence of the new section uses the phrase 'from the time of recording' to clarify that it is recordation of the lis pendens which begins constructive notice." (Code com., 14A West's Ann. Code Civ. Proc. (2004 ed.) foll. § 405.24, p. 333, reprinting 3 Assem. J. (1993–1994 Reg. Sess.) p. 4270.)

██ The comment reflects that Code of Civil Procedure section 405.24 simply continued existing law. Equally important, the new statute expressly recognizes that constructive notice is not given simply by delivering an instrument to the recorder's office. Rather, constructive notice is given only when the instrument is recorded. Given the history of constructive notice in California, and the Legislature's comment that enactment of Code of Civil Procedure section 405.24 was not intended to change existing law, we are compelled to read the term "recording" in that statute as meaning " 'recorded as prescribed by law.' " (*Cady, supra*, 131 Cal. at p. 557.) Government Code section 27250 requires indexing of all recorded lis pendens. Accordingly, a lis pendens will not provide constructive notice until it has been properly indexed.

Arguing that enactment of Code of Civil Procedure section 405.24 changed prior recording law, Dyer points to comment No. 3, which states that the second sentence of section 405.24—providing that the rights and interests

of a claimant relate back to the date the lis pendens was recorded—is new.[1] As the comment explains, however, the new sentence simply incorporated the existing constructive notice provision of Code of Civil Procedure section 1908, subdivision (a)(2), to simplify application of the lis pendens law. The comment states the addition to 405.24 "preserves prior law." As discussed above, for over a century, the law in California has been that a bona fide purchaser for value who acquires an interest in real property is not charged with constructive notice of a claimant's interest if the recorder's office had not properly indexed the document reflecting that interest.

Dyer also argues that failing to impute constructive notice until a lis pendens is indexed creates uncertainty because the claimant has no control over when the recorder indexes the document. Although this may be true, the uncertainty would be greater if a purchaser of real estate could not rely on a diligent search of public records to reveal a prior claimant's interest. "The policy of the law is against upholding secret liens and charges to the injury of innocent subsequent purchasers and encumbrancers." (*Smitton v. McCullough* (1920) 182 Cal. 530, 538 [189 P. 686].)

Dyer contends "common sense" supports her view. We disagree. Placing the risk of loss due to a recorder's delay in indexing on a claimant provides the claimant with the incentive to ensure the recorder properly and timely indexes the lis pendens. Placing the risk with the innocent purchaser or the purchaser's title insurer does nothing to ensure the lis pendens is properly and timely recorded. But placing the risk with the claimant provides an incentive to diligently deposit the lis pendens for recordation in the first instance. In the present case, Dyer filed suit and recorded a lis pendens over a year after agreeing to buy the property, one and one-half months after the seller relisted the property for sale, and three weeks after informing the former listing broker and escrow of her claims. There is no basis in policy or logic allowing Dyer to shift responsibility for her lack of diligence to the innocent purchaser or the purchaser's title insurer.

---

[1] Comment No. 3 to Code of Civil Procedure section 405.24 provides: "The second sentence of this section is new to the lis pendens statute. Prior law stated only that the recordation of a lis pendens afforded constructive notice to subsequent purchasers or encumbrancers. The effect of constructive notice was not stated in the lis pendens statute, but rather was supplied by CCP 1908(a) (2) (a judgment is conclusive between the parties and their successors in interest by title subsequent to commencement of the action provided they have constructive notice of the pendency of the action). The second sentence of the new section is consistent with CCP 1908(a) (2) and preserves prior law, but simplifies application of the lis pendens law by expressly stating the effect of constructive notice in the lis pendens statute." (Code com., 14A West's Ann. Code Civ. Proc., *supra*, foll. § 405.24, p. 333, reprinting 3 Assem. J. (1993–1994 Reg. Sess.) p. 4270.)

## III

### DISPOSITION

The judgment is affirmed. Defendants are entitled to their costs of this appeal.

Rylaarsdam, Acting P. J., and Fybel, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 13, 2007, S151348.