[Civ. No. 714. Second Appellate District.—December 16, 1909.]

## JOHN HUNEKE, Respondent, v. FRANCES HUNEKE, Appellant.

Divorce—Interlocutory Decree—Determination of Property Rights.—The superior court, in the absence of an order otherwise, has jurisdiction in an action for divorce to hear and determine in its interlocutory decree the property rights of the parties in a tract of land in controversy between them.

Id.—Extreme Cruelty—Equal Division of Homestead.—Where the husband sued for a divorce for extreme cruelty, and to establish the rights of the parties in a homestead on community property, which the wife claimed as her separate property, an interlocutory decree establishing the husband's right to the divorce sued for, and adjudging the property to be a homestead as claimed, to be equally divided between them, awarded to the husband the least interest which could be assigned to him under section 146 of the Civil Code upon a divorce for extreme cruelty.

Id.—Authority of Court.—The court had authority, under section 147 of the Civil Code, to make an order in the divorce proceedings relative to the community property, and, if necessary, to order a partition or sale thereof.

Id.—Pleadings—Answer and Cross-complaint—Trial of Issues— Estoppel.—Where the wife took issue as to the character of the property, not only by her answer to the complaint, but also by her cross-complaint seeking a divorce, and to have it adjudged that the property in question was her separate property, and no objection having been urged to the pleadings, and the parties having appeared and tried the issues presented, the wife is precluded from objecting to the jurisdiction of the court to pass upon the issues presented in rendering the interlocutory decree.

Id.—Finality of Interlocutory Decree.—After the lapse of six months from the date of the interlocutory decree, it became absolutely final as to the property rights determined thereby.

Id.—Absence of Jurisdiction to Modify Findings or Grant New Trial.—After the interlocutory decree has become absolutely final, the court had no jurisdiction to modify the findings upon which it was based, nor to grant a new trial.

Id.—Validity of Divorce Law—Right of Plaintiff to Dismiss.—The divorce law conferring upon the plaintiff the right to dismiss the action within one year after entry, and binding the defendant six months after entry in the absence of an appeal, does not violate any principle inhibited by the fourteenth amendment to the constitution of the United States, or present any federal question.

Id.—Equal Protection of Laws not Denied.—Where the law operates uniformly on all persons in the same category as plaintiffs in divorce suits, and applies impartially as to the rights of all defendants therein, it does not deny the equal protection of the laws.

Id.—Jurisdiction of Divorce Courts Governed by Sovereign Law of State.—The jurisdiction of divorce courts, like the jurisdiction of probate courts, rests upon the right of a sovereign state to exercise control over all property within its boundaries, and to determine the status or condition of the inhabitants or persons found within its borders.

Id.—Reaffirmance in Final Decree—Appeal not Allowed.—The fact that the final decree restated and reaffirmed the matter before embodied in the interlocutory decree conferred no right of appeal as to matters finally adjudicated in the interlocutory decree.

Id.—Reservation of Execution by Partition or Sale.—The reservation in the interlocutory decree as to carrying it into execution by partition or sale at the time of the final decree does not affect the finality of the interlocutory decree, determining the rights of the parties.

ID.—DISMISSAL OF INEFFECTIVE APPEALS.—A notice of appeal from the final judgment given more than six months after the entry of the interlocutory judgment cannot be effective as presenting for review any question involved therein, and an appeal from an order denying a new trial, which is too late to be effective for any purpose, cannot be considered; and such appeals will be dismissed as ineffective.

ID.—APPEAL FROM ORDER AFTER JUDGMENT—APPOINTMENT OF REFEREES TO MAKE PARTITION OR SALE—ERROR NOT APPEARING.—Though the appointment of referees to make partition or sale and report to the court is an order after judgment in aid of execution, the court had jurisdiction to make it, and it is not final in its nature; and in the absence of any manifest error or irregularities appearing therein, it must be affirmed.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial and appointing referee to make partition or sale. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

John M. York, and Waldo M. York, for Appellant.

Hutton & Williams, for Respondent.

ALLEN, P. J.—The action was one in divorce based upon charges of extreme cruelty, and for a decree establishing the rights of the parties to a homestead alleged to constitute all of the property owned by the parties to the action. The answer of defendant denied the allegations of the complaint; denied that the property was a homestead, but, on the contrary, asserted the same to be the separate estate of the defendant. By cross-complaint, defendant sought a decree of divorce and a decree adjudging the property described in the complaint and cross-complaint to be her separate estate. An issue was presented upon all the matters involved in the cross-complaint. The cause came on for trial September 17, 1906, and the court found in favor of plaintiff as to all the issues presented, and against defendant, and especially as against her claim of the separate character of the property involved. The court adjudged the property described to be community property, and that the same was impressed with a valid homestead, and by its interlocutory decree ordered that one year

from the entry thereof a final decree of divorce should be entered in favor of plaintiff and that the homestead should by such decree be awarded to the parties equally. This award to plaintiff was the least interest which, under section 146, Civil Code, could be assigned to him, the divorce being granted plaintiff upon the ground of extreme cruelty. (*Eslinger* v. *Eslinger*, 47 Cal. 64.) And it was directed that a partition be made thereof and one-half be set off to each in severalty, or, if the same could not be done advantageously, that the property be sold and the proceeds be equally divided. Jurisdiction was reserved by the court to carry into effect the provisions of such interlocutory judgment. This interlocutory decree was entered September 26, 1906, and notice thereof given to defendant October 1, 1906. No further proceedings were had in connection with the case until August 23, 1907, when the defendant moved the court to strike from the findings of fact filed, and upon which the judgment was based, all portions thereof relating to the character of the property and the rights of the parties in respect thereof. This motion was denied on August 27, 1907, and on the twenty-second day of January, 1908, the court, under the objections of defendant, entered its final judgment dissolving the marital relation and finally adjudging the rights of the parties as by the interlocutory decree determined; and further directing the appointment of three referees with directions to partition the premises, if the same could be done advantageously, allotting to each party one-half thereof; otherwise, to sell the premises at public auction for cash, and report their proceedings to the court. It was ordered that the referees report in writing to the court their action under the order, the court to approve any partition reported or any sale made before the same should become effective; to which order and the judgment defendant excepted. Thereafter, defendant moved the court to vacate the decision and judgment rendered in said action, and especially in so far as said judgment affects the property rights of the parties, and to grant a new trial; which motion was denied, and on June 12, 1908, the defendant noticed an appeal from the judgment entered on the twenty-seventh day of January, 1908, and from the order denying the motion for a new trial.

The primary contention of appellant is that, under the statutes of this state, the court had no jurisdiction to enter a judgment establishing the rights of the parties to the property involved until the expiration of one year from the date of the interlocutory judgment decreeing the divorce, or until such time as the entry of a final judgment came on to be heard. This contention has been met and determined adversely to appellant by this court in *John* v. *Superior Court,* 5 Cal. App. 264, [90 Pac. 53], and subsequently by the supreme court in *Pereira* v. *Pereira,* 156 Cal. 1, [103 Pac. 488], in both of which cases it is determined that, in the absence of an order continuing the hearing as to the property rights involved, the opportune time for hearing and final determination of the rights of the parties as to the property is at the time and place of the trial of the principal issue involved in the divorce. Accepting this proposition as established, it must be unquestioned that under section 147, Civil Code, the court had jurisdiction and authority in the divorce proceedings to make an order relative to the disposition of the community property, and, if necessary, to order a partition or sale thereof. Aside from the fact of having such jurisdiction over the community property, and that of necessity there reposed in the court authority to determine what portion of the property claimed by each was of the community, we find that in this particular action the parties, in addition to the issues involved in the action for divorce, presented to the court by the cross-complaint another action in which they sought to have their conflicting claims to certain real property heard and determined. No objection being urged by anyone to this joinder of actions, and all parties having appeared and tried the issues presented in each, all are precluded now from questioning the jurisdiction of the court to make and enter a judgment as affecting the issues thus presented. In so far, then, as the action involving the conflicting claims to real property is concerned, the judgment of the court thereon became final as to all parties six months after the entry thereof, in the absence of an appeal. By section 131, Civil Code, the same time is allotted for an appeal from an interlocutory decree of divorce, which is, by section 939, Code of Civil Procedure, the time within which an appeal shall be taken from any final judgment. As said by the supreme court in *Pereira* v. *Pereira,* 156 Cal. 1, [103 Pac. 488],

except so far as the statute makes the decree of divorce ineffective for the period of one year as a deterrent from a new marriage, it was not the legislative intent to change in any other respect the procedure and practice in actions for divorce. We are then confronted with a case where, after the judgment affecting the property rights has become final, an appeal is sought from the order and judgment of the trial court refusing a new trial and denying the motion to modify the findings upon which such judgment is based. By reason of the finality of the judgment, the court had no jurisdiction or authority to modify its findings or to grant a new trial. (*Claudius* v. *Melvin,* 146 Cal. 260, [79 Pac. 897].) As a consequence, no error could be predicated upon an order denying a motion to modify the findings or to grant a new trial. The mere fact that the final decree restated and reaffirmed the previous judgment made and entered at the time of the trial and included in the interlocutory judgment, conferred no right of appeal as to matters involved and finally determined by the original interlocutory judgment, even though it should be said that the effect of section 131, Civil Code, is to hold in abeyance the execution of the final judgment as to the property rights until the entry of the final decree in divorce. The finality of the decree is not affected by any direction therein contained in aid of its execution. (Freeman on Judgments, sec. 28; *In re Norton,* 108 U. S. 237, [2 Sup. Ct. 490].) Any of the arguments of appellant urged in support of the theory that the order executing this interlocutory decree is judicial could be equally as well directed against any other order in execution of a conditional decree affecting real property. The direction in the decree that a segregation of the interests to which the parties by the decree were found to be entitled should be made, or a sale ordered, at the expiration of one year, did not render the decree fixing and determining the property rights any the less final. In our opinion, therefore, a notice of appeal given more than six months after the entry of the interlocutory judgment is not effective as presenting for review or consideration any question involved in such judgment. It is true that the final judgment as entered, in addition to its reaffirmance and restatement of the matters contained in the original or interlocutory judgment, provided for the appointment of referees to make a partition, or, in event the

same could not be had, to sell at public auction the premises, and to make due report of their action and proceedings to the court. But the matter inserted in the final judgment and not contained in the original may be considered, as it is, an order to carry the judgment into effect, and were it to be treated as an appealable order under section 939, Code of Civil Procedure, the appellant does not in her notice of appeal in terms seek to review the same, but, on the contrary, confines her notice to the judgment, which, as we have said, was final, and the order denying a new trial, which, in our judgment, was made too late to be effective for any purpose. This order, however, upon its face, does not purport to definitely determine the rights of the parties or to conclude them in the assertion of any right. It is preliminary to, and the basis of, a report of referees ordered to be made to the court, and from which report, or the action of the court in confirmation or modification thereof, an appeal would lie. We see nothing in the order from which it may be said that judicial power is delegated to the referees, for by its terms it provides that, whatever may be the conclusion or report of the referees, the same should have no efficacy until the court acted thereon. (*People* v. *Hayne,* 83 Cal. 111, [17 Am. St. Rep. 211, 23 Pac. 1].) Nor does the order vest in the referees power reserved to the court in the interlocutory judgment. In both the interlocutory judgment and the final judgment the power of the court, as controlling all matters connected with the partition or sale, is declared. On the other hand, should this preliminary order be considered as an order after judgment and included in the notice of appeal, nothing indicating its irregularity or erroneous character is suggested. That the court possessed jurisdiction to make the order is to our mind clear; and, having such jurisdiction, the action of the court must be sustained in the absence of any showing of prejudicial error in connection therewith.

It is finally contended by appellant that the divorce law of California is inhibited by the fourteenth amendment to the constitution of the United States in that it denies equal protection under the law. This claim is based upon the proposition that, under our statutes, the defendant is bound by the decree after the lapse of six months, while the plaintiff is accorded the right of dismissal within one year after en-

try. That the statute should give plaintiff the right to dismiss the action for divorce instituted by him, while withholding the same right from the defendant, is not denying equal protection under the law. ''What satisfies this equality has not been, and probably never can be, precisely defined. Generally it has been said that it only requires the same means and methods to be applied impartially to all the constituents of each class, so that the law shall operate equally and uniformly upon all persons in similar circumstances.'' (*Magoun* v. *Illinois Trust Co.,* 170 U. S. 293, [18 Sup. Ct. 598]; *Kentucky Railroad Tax Cases,* 115 U. S. 321, [6 Sup. Ct. 57].) This divorce law of our state undertakes to and does confer upon all citizens who are parties plaintiff equal and exact rights, and the same to all citizens who are parties defendant, and it does operate equally and uniformly upon all similarly situated as parties litigant. Aside from the peculiar character of actions for divorce and the latitude which should be accorded each sovereign state in dealing with this unsolved problem in connection with its regulation, we see nothing in the sections referred to inhibited by the federal constitution. The jurisdiction of the divorce courts, like the jurisdiction of probate courts, rests upon the right of a sovereign state to exercise control over all the property within its boundaries and to determine the status or condition of its inhabitants or persons found within its borders, and no federal question is involved here. (*Estate of Clark,* 148 Cal. 112, [113 Am. St. Rep. 197, 82 Pac. 760]; *De la Montanya* v. *De la Montanya,* 112 Cal. 101, 117, [53 Am. St. Rep. 165, 44 Pac. 345]; *Richards* v. *Blaisdell et al.* (Cal. App.), 106 Pac. 732.)

We see no prejudicial error in the record sufficient to warrant a reversal of any action or order of the court made in the proceeding. The appeal from the judgment and order denying a new trial is ordered dismissed; and the orders of the court made in aid of the execution of the judgment are affirmed.

Shaw, J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 14, 1910.