[Civ. No. 2833. First Appellate District, Division One.—March 19, 1919.]

# CAROLINE L. SCARPA, Respondent, v. JOSEPH SCARPA, Appellant.

[1] DIVORCE—APPOINTMENT OF RECEIVER — SALE OF PROPERTY.—Where, in an action for divorce, the court appoints a receiver to take charge of and sell the community property, the defendant is not injured by the action of such receiver in selling two cows which he claims were neither community property nor separate property of either spouse, but belonged to a stranger to the action.

[2] ID.—ATTORNEY'S FEE—ALLOWANCE BY COURT.—In such a proceeding, the court has authority to make an order for the payment of a fee to the receiver's attorney.

[3] ID.—ACCOUNT OF RECEIVER — ALLOWANCE — REVIEW—INSUFFICIENT RECORD.—The appellate court cannot review the action of the trial court in allowing given items in the account of the receiver where the appellant fails to bring up the evidence concerning them.

[4] ID.—STATUS OF PROPERTY—DETERMINATION BY COURT—WHEN RES ADJUDICATA.—In an action for divorce, after the court has determined that certain property is community property, and more than six months has elapsed after such determination by the interlocutory decree of divorce, the status of the property becomes *res adjudicata* and not open to further attack.

[5] ID.—COMMUNITY PROPERTY—JURISDICTION.—In a proceeding in divorce, the court has jurisdiction to adjudge the character of any property claimed to be community property.

[6] ID.—INTERLOCUTORY DECREE — DISPOSITION OF PROPERTY — WHEN FINAL.—An interlocutory decree of divorce becomes final as to all dispositions of property made therein after the expiration of six months from the entry thereof.

APPEAL from a judgment of the Superior Court of Santa Clara County. J. R. Welch, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jos. Scarpa, *in propria persona,* and Geo. D. Collins, Jr., for Appellant.

Louis Oneal and Wm. F. James for Respondents.

KERRIGAN, J.—This is an appeal from an order settling the final account of a receiver. The proceeding springs from an action for divorce instituted by the plaintiff, Caroline L. Scarpa, against the defendant, Joseph Scarpa, in which the trial court on November 1, 1916, granted the plaintiff an interlocutory decree of divorce upon the ground of adultery, and in that decree the court directed that the homestead of the parties, together with certain belongings found to be the separate property of the plaintiff, be assigned absolutely to her, and that the community property of the parties be assigned three-fourths to the plaintiff and one-fourth to the defendant. In the decree William P. Wright was appointed receiver to take charge and make the sale of the property. He qualified and entered upon the discharge of his duties, and on October 17, 1917, he filed his report and account. Exceptions were filed thereto, and after notice and hearing the account was settled on November 5, 1917. The appeal is from this decree of settlement.

[1] Defendant objects to the action of the receiver in selling two cows, claiming that they were neither community property nor separate property of either spouse, but belonged to a stranger to the action. There is evidence in the record which sustains the finding of the court implied from its approval of the sale that these animals were legitimately the subject of the receiver's action. On the other hand, if the defendant's contention as to their ownership be correct, it is apparent that he is not injured by the action of the receiver to which he objects.

[2] Defendant also takes exception to the amount of the fee allowed to the receiver's attorney. The court, of course, had authority to make an order for the payment in question and we find nothing in the record that tends to show an abuse of the court's discretion in this respect.

[3] It appears that several of the items of the account here objected to had been the subject of a separate hearing in the course of the action, but, however that may be, the appellant as to these items has failed to bring up the evidence concerning them, which prevents this court from reviewing the action of the trial court thereon.

The remaining objections may be divided into two groups. As to one of them it must be held that the action of the court concerning the items complained of was taken upon a conflict

of evidence. As to these items, therefore, the conclusion of the trial court may not be reviewed here.

[4] The other group of objections is based upon the contention that the items of property sold were not community property. The answer to this is that the matter was determined adversely to appellant's position upon the trial of the divorce action, and, as more than six months had elapsed after such determination by the interlocutory decree before the objections to the account were filed, the status of this property was *res adjudicata,* and thus not open to further attack. [5] In a proceeding in divorce the court has jurisdiction to adjudge the character of any property claimed to be community property, and having done so in an action between these parties, the question upon the settlement of this account was no longer open. (*Huneke* v. *Huneke,* 12 Cal. App. 203, [107 Pac. 131] ; *Allen* v. *Allen,* 159 Cal. 197, [113 Pac. 160].) [6] An interlocutory decree becomes final as to all dispositions of property made therein after the expiration of six months from the entry thereof, within which an appeal may be taken therefrom. (*Pereira* v. *Pereira,* 156 Cal. 1, [134 Am. St. Rep. 107, 23 L. R. A. (N. S.) 880, 103 Pac 488] ; *Huneke* v. *Huneke, supra; Allen* v. *Allen, supra.*)

The order is affirmed.

Waste, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 17, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 15, 1919.

All the Justices concurred.