[Civ. No. 2903.    Second Appellate District, Division Two.—July 2, 1919.]

## ALICE J. BARROW, Appellant, v. JAMES T. BARROW, Respondent.

[1] DIVORCE — CONFLICTING EVIDENCE — FINDINGS—APPEAL.—Where in an action for divorce the evidence is conflicting, the appellate court will not disturb the findings of the trial court in favor of the defendant, notwithstanding ten witnesses testified for plaintiff and but three for defendant.

[2] ID.—DENIAL OF DIVORCE—DETERMINATION OF OWNERSHIP OF PROP-
ERTY.—Where in an action for divorce the plaintiff alleges that
certain property is community property, which allegation is denied
by the defendant, the court may find and adjudge that such
property is the separate property of the defendant, even though
it denies plaintiff application for divorce.

[3] ID.—LOAN OF MONEY TO DEFENDANT—REMEDY FOR RECOVERY.—
Even though the defendant in such action admits by his answer
that he received money from the plaintiff which was used by him
in the improvement of his own property, there is no error in not
referring thereto in the findings. If plaintiff has not slept upon
her rights, she has an adequate remedy for the recovery of the
same in an action at law.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
Fred H. Taft, Judge. Judgment affirmed; appeal from
order dismissed.

The facts are stated in the opinion of the court.

Wm. Lewis for Appellant.

T. K. Kase for Respondent.

THOMAS, J.—This is an action for divorce, for attorney's
fees, for division of alleged community property, and for
general relief, brought by plaintiff against defendant on the
ground of extreme cruelty.

The material allegations of the complaint were denied by
defendant's answer. While admitting the formal parts of
the complaint in his answer, he denied, as aforesaid, all the
material allegations contained therein as to community prop-
erty—alleging this as his own separate property—and as to
the alleged extreme cruelty. He also admitted that he had
received from plaintiff money which was used by him in the
improvement of his own property. Upon the issues thus
presented, the court denied plaintiff's application for divorce,
etc., refused to divide the said real property, and found that
it was the separate property of defendant, subject to existing
mortgages. There was a motion for new trial, which was
denied by the court. From the judgment and order deny-
ing her motion for new trial plaintiff appeals.

Appellant urges, in support of her contention that the
judgment herein should be reversed, the consideration by this

court of the following points, viz.: (1) "Whether or not plaintiff proved the material allegations of her complaint, and if so proven, was there shown by the evidence any just cause for the refusal to the plaintiff by the lower court of a decree of divorce as prayed?" (2) "In the absence of a decree of divorce to either party, had the lower court jurisdiction, in a divorce action, to pass upon property rights of the parties thereto, i. e., to convert an action for divorce into an action to quiet title; and if so, did the lower court err in not taking into consideration the money advanced by plaintiff to defendant for the erection of improvements upon the separate real estate of defendant, admitted by the pleadings and evidence, and also in not taking into consideration money borrowed during coverture for the purpose of erecting improvements upon other real estate of the defendant?" (3) "Did the lower court err in denying plaintiff's motion for a new trial?"

[1] The answer to the first point is that, while it is shown from the record here that ten witnesses testified for plaintiff and but three for defendant, and that there was a conflict in the evidence, the trial court having settled that conflict in favor of the defendant, this court will not interfere. The courts "are not bound to decide in conformity with the declarations of any number of witnesses, which do not produce conviction in their minds, against a less number or against a presumption or other evidence satisfying their minds." (Code Civ. Proc., sec. 2061.)

[2] The second proposition advanced is based upon a state of facts not borne out by the record here. There was no conversion of a cause of action for divorce to one to quiet title. All that the court did here was to find upon an issue invited by plaintiff herself, by proper allegation in her complaint, and which allegation was denied by the answer, said denial being not only supported by the evidence of the defendant, but likewise by the evidence of plaintiff herself. (*Allen* v. *Allen*, 159 Cal. 197, [113 Pac. 160]; *Johnson* v. *Johnson*, 17 Cal. App. 241, [119 Pac. 403].) [3] There was no error in not referring in the findings to money loaned to defendant by plaintiff. If there is anything due her from defendant, and she has not slept upon her rights, she has an adequate remedy for the recovery of the same in an action at law.

The evidence amply supports the findings of the court. For these reasons, then, it inevitably follows that there was no error in denying plaintiff's motion for a new trial.

The appeal from the order denying plaintiff's motion for new trial is dismissed, and the judgment affirmed.

Finlayson, P. J., and Sloane, J., concurred.