[Civ. No. 508.   Fourth Appellate District.—December 15, 1930.]

SAYDEE ALVIRA STOUT, Appellant, v. J. B. GILL et al., Respondents.

Loyd Wright and Charles E. Millikan for Appellant.

William Guthrie for Respondents.

BARNARD, J.—This is an action to quiet title to certain real property in San Bernardino County. From the evidence introduced, the following facts appear: The defendant Stout and the plaintiff were formerly husband and wife. They had acquired the real property involved in this action, together with certain other real property situated in Los Angeles County. On April 19, 1922, Stout conveyed the San Bernardino property to his wife by quitclaim deed. On February 6, 1924, Stout and his wife, the plaintiff herein, joined in another quitclaim deed, conveying the same premises to the plaintiff, the deed stating that it was given and accepted for the express purpose of vesting title in the wife, as her separate property. On March 12, 1925, as a part of a property settlement, the defendant Stout agreed to give to the plaintiff the real property in Los Angeles County, and the plaintiff executed and delivered to Stout a grant deed conveying to him the San Bernardino property, which deed contained the following clause: "This deed is given to carry out the mutual agreement of the parties hereto that said property shall become vested in the Grantee, as the Grantee's sole and separate property free from all interest, title or claim of Grantor now existing or which may hereafter arise by reason of the marital relation of said parties, and is so accepted by said Grantor."

On March 23, 1925, the plaintiff executed and delivered a quitclaim deed to the defendant Stout, covering the same property in San Bernardino County. On April 1, 1925, Stout filed a suit in the county of Los Angeles, asking for a divorce from the plaintiff herein. On April 13, 1925, Stout conveyed his interest in the Los Angeles property to his wife. On January 26, 1926, an interlocutory decree of

divorce in the action above referred to, was entered in the Superior Court of Los Angeles County, in favor of the wife, upon her cross-complaint. On October 20, 1927, Alexander M. Stout conveyed the San Bernardino property to J. B. Gill, one of the defendants herein. This deed was recorded in San Bernardino County on October 22, 1927, and the other deeds referred to, covering the same property, had all been recorded in that county within a few days after their execution. Nothing was recorded in San Bernardino County having any reference to the divorce proceeding or to any decree entered in that action in the Superior Court of Los Angeles County. Defendant J. B. Gill purchased the San Bernardino property for its actual value and without notice of the claims of the plaintiff. Among other things, the trial court found that on March 12, 1925, the plaintiff and her husband made, executed and delivered to the said husband, for a valuable consideration, a deed whereby the real property in question was conveyed to the husband; that on March 23, 1925, for a valuable consideration, the plaintiff made, executed and delivered to her husband, a quitclaim deed covering the same property; and that ever since October 20, 1927, the said real property has been and still is the community property of the defendants J. B. Gill and Thelma Gill. From the judgment that followed, the plaintiff has appealed.

It is first contended by appellant that the findings just referred to are not supported by the evidence; it being insisted that the deeds of March 12, 1925, and March 23, 1925, respectively, were forgeries; that they were never signed by plaintiff and that they conveyed no title. Upon this point, it is significant that the record shows that no real attack was made upon the genuineness of the appellant's signature to these instruments. While the appellant denied having signed the instruments, the record shows none of the usual efforts to prove that the purported signatures were not hers. On the other hand, the instruments contained the usual certificates of acknowledgment before a notary public; her exhusband testified that she signed the deeds, giving the circumstances with some particularity; and the wife of the notary public corroborated the husband's testimony as to appellant's acknowledgment of the deed dated

March 12, 1925. Appellant insists that the record shows that the quitclaim deed of March 23, 1925, was not acknowledged by her. While that is not important, the presumption arising from the notary's certificate was some evidence, and the only other evidence appearing is the statement of appellant that she did not acknowledge it, and the statement of the husband that he did not know whether she did or not. While appellant sets forth a number of circumstances upon which she relies as showing that it was improbable that she signed the two deeds in question, these create no more than a conflict in the evidence, at best, and the findings attacked are not only supported by the evidence, but, we think, by a preponderance thereof.

The only other point raised is that the judgment and findings of fact are contrary to law, in that the trial court failed and refused to give any effect whatsoever to the judgment of the Superior Court of Los Angeles County. A certified copy of the findings of fact and interlocutory decree dated January 26, 1926, in the divorce action in Los Angeles County, and of the final decree therein dated January 31, 1927, were introduced in evidence, from which it appears that the court found the property involved in this action to be the sole and separate property of the appellant herein. Appellant contends that, irrespective of anything shown by the official records of San Bernardino County as to the title to this property, the judgment of the Superior Court of Los Angeles County is absolutely conclusive and final, to the effect that Alexander M. Stout had no title in the property here involved, and therefore, could convey none to the respondent Gill. In support thereof, appellant cites *Allen* v. *Allen*, 159 Cal. 197 [113 Pac. 160], *Carr* v. *Carr Co.*, 39 Cal. App. 53 [177 Pac. 856], *Scarpa* v. *Scarpa*, 40 Cal. App. 345 [180 Pac. 637], *Huneke* v. *Huneke*, 12 Cal. App. 199 [107 Pac. 131], *Abbott* v. *Superior Court*, 69 Cal. App. 660 [232 Pac. 154], and *Barrow* v. *Barrow*, 42 Cal. App. 50 [183 Pac. 364].

That the decree in the divorce action in Los Angeles County was conclusive between the parties thereto may be conceded, but we are here considering the rights of an innocent purchaser of land situated in another county for value and without notice, either actual or constructive.

Section 1908 of the Code of Civil Procedure reads in part as follows:

"The effect of a judgment or final order in an action or special proceeding before a court or judge of this state, or of the United States, having jurisdiction to pronounce the judgment or order, is as follows:

"1. In case of a judgment or order against a specific thing, . . . the judgment or order is conclusive upon the title to the thing, . . .

"2. In other cases, the judgment or order is, in respect to the matter directly adjudged, conclusive between the parties and their successors in interest by title subsequent to the commencement of the action or special proceeding, litigating for the same thing under the same title and in the same capacity, provided they have notice, actual or constructive, of the pendency of the action or proceeding."

This decree of divorce was not a judgment or order against this specific real property, and under the terms of the section, this judgment is conclusive upon a successor in interest of one of the parties, only in the event he had notice, actual or constructive. No such notice here appears. Ample provision is made in our codes to enable a person securing such a judgment to give constructive notice thereof in any county where real property covered thereby may be situated. (Code Civ. Proc., sec. 674; Civ. Code, secs. 1158, 1159 and 1169.) A *bona fide* purchaser of real estate for value and without notice, is entitled to protection against undisclosed rights and titles. (25 Cal. Jur. 820, and cases cited.) In *Bernhard* v. *Wall*, 184 Cal. 625 [194 Pac. 1040, 1046], the court says: "The rule is well settled that where land is unoccupied and a person holds title thereto by a contract or deed which is not recorded, and a third person, in ignorance thereof, in good faith, and for value, buys the land from the apparent record owner thereof, he takes the title free from the prior but undisclosed title of the other party."

■ The same rule applies to a person claiming such a title through a decree of court, obtained in a county where the land is not situated. Not only did these respondents have no notice of the proceedings in Los Angeles County, but the records in San Bernardino County, upon which

they relied, not only showed the title of the property to be in appellant's former husband, but also affirmatively showed that such title had been conveyed to him by the appellant, free from any of her marital rights. ▮ Although appellant had every opportunity to protect her own interests, she not only placed the title to the property in her husband's name, but allowed the record thereof in San Bernardino County to remain in that condition for nearly two years after the interlocutory judgment was entered in Los Angeles County, and for nearly a year after the entry of final judgment, before respondents purchased the land. The fact that respondents bought the land in reliance upon the record title is due to the laches of appellant herself, rather than to any negligence upon the part of respondents. By thus holding her former husband out as the owner of the land, the appellant is estopped from disputing the validity of the title conveyed by him to respondents. (*Schumacher v. Truman*, 134 Cal. 430 [66 Pac. 591].) The decree of the Superior Court of Los Angeles County in the divorce action referred to, not having been recorded in the county of San Bernardino, had no effect upon the rights of the respondents, who had no actual knowledge thereof.

The judgment is affirmed.

Cary, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 12, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 9, 1931.