[Civ. No. 8066. First Appellate District, Division Two.—November 24, 1931.]

LEROY V. LEY, Respondent, v. E. S. BABCOCK et al., Appellants.

Stewart & Shaw and Arvin B. Shaw, Jr., for Appellants.

Raymond J. Kirkpatrick and Frank D. McClure for Respondent.

NOURSE, P. J.—Plaintiff sued to collect the deficiency on two promissory notes each in the principal sum of $2,500. Plaintiff had judgment and defendants appeal on a bill of exceptions.

On March 3, 1926, defendants purchased from plaintiff's assignor a lot near Long Beach, California, for $10,000, paying $5,000 of the purchase money in cash and giving to the vendors the two promissory notes in suit which were secured by a deed of trust. The defendants failed to pay any portion of the balance due and the two promissory notes with the security therefor were duly assigned to the plaintiff, who caused the real property to be sold under the trust deed. At this sale the property was bid in for the sum of $400. A deed was executed and delivered to the purchaser and the plaintiff then commenced this action to recover the deficiency.

■ The first point raised on the appeal is that the demurrer to the amended complaint should have been sustained because the allegation that the trustee "after due notice of the time and place of sale given in accordance with the terms and provisions of said deed of trust and in full compliance with the provisions of section 692 of the Code of Civil Procedure . . . did . . . sell", etc., is a mere conclusion of law. The point is without merit. The action is one for a deficiency judgment on promissory notes in which it would have been sufficient to have alleged that a sale had been had and that but $400 was received. Furthermore the form of pleading is expressly authorized by section 459 of the Code of Civil Procedure, where it is declared that it is sufficient to plead that the party duly performed all the conditions on his part required by the statute on which he depends.

■ It is argued that the trustee's deed was erroneously admitted in evidence because it had not previously been shown that the deed was delivered. The deed showed on its face that it had been duly recorded; evidence had been received proving its due execution and acknowledgment. It was admissible under the express provisions of section 1951 of the Code of Civil Procedure. ■ When the deed was offered in evidence the appellants objected on the ground that it was incompetent, irrelevant and immaterial and that no foundation had been laid. From the briefs it appears that the latter ground only was urged. However, it was received in evidence subject to a motion to strike, and it does not appear that such motion was made or ruled on. For this reason the appellants must be deemed to have waived the point.

(*Estate of Wempe*, 185 Cal. 557 [197 Pac. 949]; *Conte* v. *Busby*, 115 Cal. App. 732 [2 Pac. (2d) 458].)

It is argued that the trial court erred in finding that a sale under the trust deed was duly conducted. The recitals in the deed were sufficient evidence of this fact, even though the controversy here is not one between a *bona fide* purchaser at the trustee's sale and another party. If for this reason it may be said to be hearsay it is nevertheless sufficient in the absence of any evidence to the contrary. (*Hopkins* v. *J. D. Millar Realty Co.*, 106 Cal. App. 409, 414 [289 Pac. 221].) The appellants cite numerous authorities holding that the recitals in the deed are not conclusive evidence in a suit between the parties to the deed. They are not in point. The question here is—are they evidence supporting the finding of the trial court?

The appellants argue that the entire sale should be held illegal and void because it was not conducted by an auctioneer licensed under the ordinance of the city of Los Angeles regulating the business of auctioneers. No authorities are cited in support of the point and we have been unable to find any. It would seem apparent that the purpose and effect of the ordinance was to regulate those engaged in the business of selling property at auction and that it would not contemplate the sale by an individual of his own property or the sale by a trustee under a deed of trust which specifically authorized him to make the sale. Authorities from other jurisdictions hold uniformly that the failure of the trustee to obtain an auctioneer's license does not vitiate the sale. (6 Cor. Jur., p. 835; 4 Cyc., p. 1048; 2 R. C. L. 1119.) In the absence of authority to the contrary we would not hold that the sale here was invalid, particularly where it was conducted in accordance with the common practice accepted generally throughout the state.

It is argued that the court erred in striking out appellants' third defense which pleaded that the sale was fraudulently made because personal notice thereof had not been served upon the appellants. The trial court found that notice was given in full compliance with the terms of the deed of trust and with the provisions of section 692 of the Code of Civil Procedure. It was not at any time necessary that personal notice be served upon the appel-

lants; it is sufficient if the statute and the terms of the trust deed are followed. (*Witter* v. *Bank of Milpitas,* 204 Cal. 570, 573 [269 Pac. 614], and cases cited.)

When the cause was called for oral argument on November 12th of this year the appellants, for the first time, raised the point that the notice of sale was insufficient because the notice of sale was not posted in "three public places in the city where the property is to be sold". (Sec. 692, Code Civ. Proc.) The trustee's deed recites that one notice was posted "at the Broadway entrance to the Court House in said city. One at the Temple Street entrance to the Court House in said city. One at the entrance to the office of the County Clerk, etc." As the point was not raised in the court below no evidence was taken as to the sufficiency of the posting. On the evidence before it the court found that the sale was conducted "in full compliance of the terms and provisions of the deed of trust and with the provisions of section 692 of the Code of Civil Procedure". The appellants now argue that we should disregard this finding and hold as matter of law that the posting was insufficient. They cite *Standley* v. *Knapp,* 113 Cal. App. 91 [298 Pac. 109]. The case is not in point because the rule of it is that the finding of the trial court in that case that the postings were all in one public place was conclusive upon the appellate court. By the same rule we should hold that the trial court's finding here is conclusive. The authorities cited in the Standley case follow this general principle—that the question of what is a "public place" is one of fact depending upon the circumstances of each case.

It will be noted that the code section does not require the posting to be upon "three separate public buildings", or upon "three separate pieces of public property". It would hardly be contended that all the public buildings constituting the Civic Center of San Francisco are but one "public place", and there seems no reason in holding as matter of law, that every part of any public building is the same public place within the meaning of the code.

The question loses much of its interest because of the amendment to section 692, effective in August of this year. The result of an adverse decision would therefore cast a cloud upon existing property rights which have been acquired under

a long-established interpretation of the former section. For this reason we should not brush aside the findings of the trial court particularly when they were based upon the *prima facie* case made by the respondent upon the only issues which were tendered for trial.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 24, 1931, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 21, 1932.