[Civ. No. 18284. Second Dist., Div. Two. June 1, 1951.]

BARBARA KARRELL, Respondent, v. FIRST THRIFT OF LOS ANGELES (a Corporation) et al., Appellants.

Macfarlane, Schaefer & Haun, Henry Schaefer, Jr., E. J. Caldecott and Jones & Wiener for Appellants.

Lawrence M. Cahill and John W. Preston for Respondent.

McCOMB, J.—This action was instituted by plaintiff against three separately appearing defendants: First Thrift of Los Angeles (hereinafter called First Thrift); Great Western Title Company (hereinafter called Great Western); and Howard M. Kessler (hereinafter called Kessler).

The action sought declaratory relief and an injunction.

*Facts:* On January 21, 1948, plaintiff executed and delivered her promissory note in favor of First Thrift in the amount of $1,450. At the same time she executed and delivered a deed of trust to secure the note by the terms of which trust deed Great Western was named trustee and First Thrift beneficiary. This trust deed was duly recorded and by reference certain provisions contained in paragraphs A and B of another deed of trust recorded in the county of Los Angeles were incorporated. This latter deed of trust will be hereinafter referred to as the "master deed of trust."

Thereafter plaintiff became in default in payment of the note and deed of trust. A notice of default and an election to sell was executed by First Thrift and duly recorded on January 20, 1949. A copy of the notice of default was sent by registered mail to plaintiff to the address supplied by her in the trust deed. However it was not received by her but was returned to the sender.

A copy of the notice of sale was posted on the front door of the property which was to be sold and this notice plaintiff found. The property was noticed for sale on May 16, 1949, which was thereafter continued until 10 a. m. June 1, 1949.

Plaintiff and First Thrift agreed that in consideration of the payment of $700 to First Thrift by plaintiff, the time for payment of the remaining balance of principal, interest and costs was to be extended to and including June 1, 1949, and that no sale of the property would be made if such payments took place on or before June 1, 1949.

The property was in fact sold on June 1, 1949, at 10 a.m. to Kessler for the sum of $925, and thereafter Great Western executed and delivered to Kessler a trustee's deed to the property. Kessler was not acquainted with any of the officers of Great Western or with any of the personnel of First Thrift. He originally learned of the proposed sale either by seeing

the notice printed in a legal newspaper or posted at the entrance to the hall of justice. There is no evidence that he had any knowledge or notice of any of the transactions between plaintiff and Great Western or plaintiff and First Thrift.

After acquiring title to the property Kessler instituted an unlawful detainer action in the Los Angeles Municipal Court against plaintiff Karrell therein alleging the reasonable rental value of the property to be $100 per month and seeking damages at the rental rate for less than two months.

The trial court ordered Kessler to convey the property to plaintiff upon condition that she refund to him the price he paid for it, quieted title in the property in plaintiff and enjoined Kessler from taking possession of the property or proceeding with the unlawful detainer action pending against Karrell in the Los Angeles Municipal Court.

From this judgment defendants Kessler and First Thrift appeal.

A. *Kessler Appeal.*

These are the questions necessary for the determination of the Kessler appeal:

First: *Did the original trust deed properly incorporate by reference provisions of the previously recorded "master deed of trust"?*

*Yes.* Such procedure is expressly provided by section 2952 of the California Civil Code which reads in part as follows:

"Any person may record in the office of the county recorder of any county fictitious mortgages and deeds of trust of real property. Such fictitious mortgages and deeds of trust need not be acknowledged, or proved or certified to be recorded or entitled to record. Such mortgages and deeds of trust shall have noted upon the face thereof that they are fictitious. The county recorder shall index and record such fictitious mortgages and deeds of trust in the same manner as other mortgages and deeds of trust are recorded, and shall note on all indices and records of the same that they are fictitious. Thereafter, any of the provisions of any such recorded fictitious mortgage or deed of trust may be included for any and all purposes in any mortgage or deed of trust by reference therein to any such provisions, without setting the same forth in full; provided such fictitious mortgage or deed of trust is of record in the county in which the mortgage or deed of trust adopting or including by reference any of the provisions thereof is recorded. . . ."

In the present case the record discloses that the requirements of section 2952 of the Civil Code were complied with.

■ Second: *Were there any irregularities in the sale which vitiated it?*

*No.* The deed of trust provided that recitals in the deed given by the trustee should be conclusive upon the trustor.

In the instant case the deed to Kessler recited that all proper steps precedent to the sale had been taken. Therefore in the absence of fraud which is not here claimed such recital is conclusive pursuant to section 2924b of the Civil Code which provides in part as follows:

''A recital in the deed executed pursuant to the power of sale of compliance with all requirements of law regarding the mailing of copies of notices for which requests have been recorded shall constitute prima facie evidence of compliance therewith and conclusive evidence thereof in favor of bona fide purchasers and encumbrancers for value and without notice.''

■ Third: *Was Kessler a bona fide purchaser for value without notice?*

*Yes.* There is no evidence in the record to indicate that defendant Kessler had any knowledge of the agreement or transactions between plaintiff and First Thrift or plaintiff and Great Western. Therefore he was a bona fide purchaser for value without notice and as such was not chargeable with the fraud of his predecessor and took a title purged of any anterior fraud affecting it and free of any equities existing between the original parties. (*Marlenee* v. *Brown,* 21 Cal.2d 668, 675 [1] [134 P.2d 770]; *Stout* v. *Gill,* 110 Cal.App. 445, 449 [294 P. 446]. *Cf. Schultz* v. *McLean,* 93 Cal. 329, 357 [28 P. 1053].)

■ Likewise there is no merit in the contention that defendant Kessler did not pay an adequate price for the property since the rule is settled that mere inadequacy of price is not sufficient ground for setting aside a trustee's sale which is legally conducted, in the absence of proof of fraud. (*Central Nat. Bank* v. *Bell,* 5 Cal.2d 324, 328 [4] [54 P.2d 1107].)

The foregoing rules are applicable to equitable actions as well as legal actions.

■ Fourth: *Did the municipal court have jurisdiction to entertain defendant Kessler's unlawful detainer action against plaintiff Karrell?*

*Yes.* Section 1161a of the Code of Civil Procedure provides

that a person in possession of real property may be removed after a three-day notice to quit, as follows:

"Where the property has been duly sold in accordance with Section 2924 of the Civil Code, under a power of sale contained in a deed of trust executed by him, ·or a person under whom he claims, and the title under the sale has been duly perfected."

Section 89 of the Code of Civil Procedure provided at the date of institution of the unlawful detainer action: "1. Municipal court· shall have original jurisdiction of civil cases and proceedings as follows: . . . (d) In all proceedings in forcible entry or forcible or unlawful detainer, where the rental value is two hundred dollars ($200) or less per month, and where the whole amount of damages claimed is two thousand dollars ($2,000) or less."

Since in the unlawful detainer action defendant Kessler alleged the reasonable rental value of the premises to be $100 per month and sought damages for less than two months, his action fell clearly within the foregoing provisions. (*Cf. Hewitt* v. *Justice's Court,* 131 Cal.App. 439, 441 [21 P.2d 641].)

In view of our conclusions the trial court erred in quieting title in plaintiff against defendant Kessler.

B. *Appeal of First Thrift of Los Angeles.*

Since the judgment in favor of plaintiff must be reversed as against Kessler, no .useful purpose would be subserved by discussing the questions raised in appellant First Thrift's brief. .

The judgment is reversed with directions to the trial court to enter a judgment quieting title in the property in question in defendant Howard M. Kessler. ·

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied June 19, 1951, and appellant's (First Thrift) and respondent's petitions for a hearing by the Supreme Court were denied July 26, 1951.