[Civ. No. 22532. Second Dist., Div. Two. Apr. 24, 1958.]

LANCASTER SECURITY INVESTMENT CORPORATION (a Corporation), Appellant, v. HOWARD M. KESSLER et al., Respondents.

650

Morris Lavine for Appellant.

Lawrence L. Otis, Gilbert E. Harris, James F. Healey, Jr., George R. Pfeiffer and John J. Guerin for Respondents.

HERNDON, J.—The sole issue presented by this appeal concerns the validity of a foreclosure sale conducted by the trustee under the power of sale contained in a deed of trust. The judgment under review was rendered after a ruling which sustained defendants' objection to the introduction of any evidence. Therefore, we are called upon to decide the purely legal question whether the complaint stated a cause of action, that is to say, whether the facts alleged afforded any legal ground upon which to hold the trustee's sale invalid. Accordingly, the facts will be stated largely in the language of the complaint.

The deed of trust in question, which is conventional in form, was executed on January 19, 1950, by Mr. and Mrs. Eilers, plaintiff's predecessors in interest, to secure their obligation to repay a loan made by defendant State Mutual Building and Loan Association. The parties to the instrument were: (1) the Eilers as borrowers and "trustors," (2) defendant State Mutual as lender and "beneficiary," and (3) defendant Title Insurance and Trust Company as "trustee."

On April 27, 1953, appellant (plaintiff below) purchased the encumbered real property from the trustors and assumed the obligation secured by the trust deed. According to the complaint, State Mutual "was notified that said property was transferred to plaintiff and that plaintiff assumed the payment of the obligation under said deed of trust, and was further notified that plaintiff's address was Box 987, Lancaster, California."

Thereafter, a default occurred whereupon State Mutual executed a declaration of default and election to sell. Pursuant thereto the trustee proceeded to exercise the power of sale. At the trustee's sale held on April 18, 1956, defendant Kessler purchased the property for $3,000. It is alleged that on the date of sale "there was due and unpaid under said deed of trust . . . a sum less than $2000" and that "the reasonable value of said . . . property is between $50,000 and $60,000." Apart from allegations concerning plaintiff's offers fully to reimburse the purchaser and to pay any and all additional sums that might be deemed equitable, the following is the only other consequential allegation of fact to be found in the complaint: "That neither the plaintiff, nor any of its officers, received notice of the trustee's sale." The prayer of the complaint sought a judgment declaring the trustee's sale to be null and void and quieting appellant's title.

It is recited in the judgment that "counsel for plaintiff having stated no additional facts could be alleged in an amended pleading" defendants' objection to the introduction of any evidence was sustained.

Appellant's major contention appears to be that since the original trustors were entitled to have notice of sale mailed to them at their address as given in the trust deed, and since the beneficiary had been notified of appellant's acquisition of the property, and of appellant's address, appellant, as successor in interest to the original trustors, was entitled "to specific notice under section 2924b of the Civil Code."

This contention is untenable. The only requirements of notice of sale essential to the validity of a sale under a power contained in a deed of trust are those expressly and specifically prescribed by the terms of the instrument and by the provisions of the applicable statutes. (*Ley* v. *Babcock*, 118 Cal.App. 525, 528-529 [5 P.2d 620]; *Billings* v. *Farm Development Co.*, 74 Cal.App. 254, 264 [240 P. 298]; *Meyer* v.

*Zuber*, 92 Cal.App. 767, 772-773 [268 P. 954] ; *Sargent* v. *Shumaker*, 193 Cal. 122-130 [223 P. 464].)

 As stated in 34 California Jurisprudence 2d, section 454, page 128 : "Not less than 3 months after notice of default is given, the trustee, mortgagee, or beneficiary must give notice of sale, stating the time and place thereof in the manner required for sales of real property on execution. A notice that does not meet the statutory requirements is invalid. *But no additional notice need be given. Except where he formally requests notice, the fact that the debtor is not personally notified is immaterial, so long as there is compliance with the conditions prescribed in the statute."* (Emphasis added.)

The same contention as that made by appellant here was rejected in *Ley* v. *Babcock, supra,* 118 Cal.App. 525, 528 [5 P.2d 620], in the following language : "The trial court found that notice was given in full compliance with the terms of the deed of trust and with the provisions of section 692 of the Code of Civil Procedure. It was *not at any time necessary that personal notice be served upon the appellants;* it is sufficient if the statute and the terms of the trust deed are followed. (*Witter* v. *Bank of Milpitas,* 204 Cal. 570, 573 [269 P. 614], and cases cited.)" (Emphasis added.)

Section 2924 of the Civil Code provides that after other specified procedural steps have been taken in the exercise of a power of sale, the trustee "shall give notice of sale stating the time and place thereof, in the manner and for a time not less than that required by law for sales of real property upon execution." Section 692 of the Code of Civil Procedure specifically prescribes the notice which must be given before the sale of property under execution or under a power contained in a deed of trust. The deed of trust involved in the present case contains the request of the trustors that a copy of any notice of default and a copy of any notice of sale be mailed to them at their given address as provided for in Civil Code, section 2924b. The latter section contains provisions whereby any person desiring a copy of any notice of default and of any notice of sale under a trust deed may file with the county recorder a request therefor containing certain data as prescribed by the statute.

Appellant expressly concedes that it filed no request for notice under the provisions of section 2924b. The instrument here involved contains no other provisions for notice which would add to the requirements of the statutes. Appellant

did not allege, nor does appellant assert on this appeal that it could allege, that there was any failure to give any notice required by the applicable statutes.

Appellant's opening brief betrays a gross misunderstanding of the procedural provisions for the foreclosure of trust deeds by exercise of the power of sale. After calling attention to the fact that the trustee's deed (attached as an exhibit to the complaint) recited publication of the *notice of sale* once a week during a period of *twenty days,* appellant quotes a portion of section 2924b requiring (under conditions not present here) publication of the *notice of default* once a week for at least *four weeks.* Appellant thereupon draws the obviously false conclusion that the publication of the notice of sale once a week during a period of 20 days was inadequate. The plain language section 692 of the Code of Civil Procedure is a clear refutation. Furthermore, there was no occasion for any publication of the notice of default in this case because the address of the trustors was set forth in the deed of trust and their request for a copy of the notice was contained therein.

■ Equally unsound is the contention that the ''due process'' clauses of the state and federal Constitutions entitled appellant to special or personal notice of the trustee's sale. In *Scott* v. *Paisley,* 271 U.S. 632 [46 S.Ct. 591, 70 L.Ed. 1123], the appealing plaintiff challenged the validity of a Georgia statute providing for summary enforcement of an instrument in the nature of a trust deed, but known in Georgia as a ''security deed.'' Plaintiff in that case, like the appellant here, was successor in interest to the grantor under the security deed. The United States Supreme Court rejected plaintiff's contention that the statute providing for a foreclosure of the plaintiff's interest in the land through a proceeding to which she was not a party, and without notice, was in conflict with the due process and equal protection clauses of the Fourteenth Amendment. The following excerpts from the opinion appear to be particularly pertinent (271 U.S. at pp. 635 and 636) :

''In the absence of a specific provision to that effect, the holder of a mortgage or trust deed with power of sale, is not required to give notice of the exercise of the power to a subsequent purchaser or incumbrancer; and the validity of the sale is not affected by the fact that such notice is not given. . . . So, a purchaser of land on which there is a prior security deed acquires his interest in the property subject to the right of the holder of the secured debt to exercise the statutory

power of sale. There is no established principle of law which entitles such a purchaser to notice of the exercise of this power. And section 6037 neither deprives him of property without due process of law nor denies him the equal protection of the laws.''

The United States Court of Appeals for the Ninth Circuit has specifically held that the provisions of section 2924 of our Civil Code are not in conflict with the due process clause of the federal Constitution. (*Davidow* v. *Lachman Bros. Inv. Co.,* 76 F.2d 186, 188; *Curti* v. *Pacific Mortgage Guaranty Co.,* 87 F.2d 42, 43.) Appellant has cited no decision, state or federal, which tends to support its position in this regard.

■ Appellant further contends that under the facts here alleged it would be violative of the due process clause of the Fourteenth Amendment to apply the rule that all facts recited in the trustee's deed affecting the regularity of the sale are conclusively presumed to be true. This rule has been applied in a legion of California cases. It is sufficient to cite *Central Nat. Bank* v. *Bell,* 5 Cal.2d 324, 326 [54 P.2d 1107]; *Cobb* v. *California Bank,* 6 Cal.2d 389, 390 [57 P.2d 924]; *Karrell* v. *First Thrift of Los Angeles,* 104 Cal.App.2d 536, 539 [232 P.2d 1]; *Abrahamer* v. *Parks,* 141 Cal.App.2d 82, 84 [296 P.2d 341].

However, the short answer to this contention is that it is not necessary to invoke any conclusive presumption in order to sustain the present judgment. Appellant has not alleged the existence of any fact which indicates the slightest irregularity in the sale at which defendant Kessler was the purchaser. There is no allegation that Kessler had any relationship to the transaction other than that of being a purchaser. There is no allegation of any fact which would place Kessler in any position other than that of a bona fide purchaser for value without notice. (*Karrell* v. *First Thrift of Los Angeles, supra,* 104 Cal.App.2d 536, 539 [232 P.2d 1].)

■ Appellant's allegations to the effect that there was great disparity between the value of the property and the amount for which it was sold are unavailing. It has been held repeatedly that inadequacy of price, however gross, is not in itself a sufficient ground for setting aside a sale legally made. (*Sargent* v. *Shumaker, supra,* 193 Cal. 122, 129 [223 P. 464]; *Bank of America* v. *Century, etc., Co.,* 19 Cal. App.2d 194, 196 [65 P.2d 109]; *Crofoot* v. *Tarman,* 147 Cal. App.2d 443, 446, 447 [305 P.2d 56].) It can be stated posi-

tively that in this case, as in the case last cited, "there is nothing in the record to the effect that anything done or left undone by the trustee prevented the public from attending at the sale or in anywise discouraged bidding."

Finally, appellant contends that the defendant Title Insurance and Trust Company, trustee under the trust deed, had notice of appellant's interest in the property securing the debt. Appellant argues that the trustee was under a duty to give notice of the sale to the appellant on the basis of the trustee's relationship with appellant's predecessors in interest under general principles of trust law. The argument misconceives the legal incidents of a trust deed. An ordinary trust deed is little more than a mortgage with power to convey. (*Bank of Italy* v. *Bentley*, 217 Cal. 644, 654 [20 P.2d 940].) "A trustee under a deed of trust does not assume the important obligations which in some instances are cast upon a trustee by operation of law." (*Ainsa* v. *Mercantile Trust Co.*, 174 Cal. 504, 510 [163 P. 898], and cases cited.) [9] The trustee of a trust deed is not a trustee in the strict sense of the word. The role of such a trustee is more nearly that of a common agent of the parties to the instrument. (*Pacific States S. & L. Co.* v. *North American etc. Co.*, 37 Cal.App.2d 307, 310 [99 P.2d 355].) Merely by virtue of its position as trustee, defendant was under no duty to give appellant special notice of the sale.

Appellant's notice of appeal indicates that the appeal is taken from the judgment and "from the orders after judgment." The quoted portion of the notice of appeal is wholly ineffective for at least two reasons: (1) It does not identify any "specified" order as required by rule 1(a) of the Rules on Appeal. (*Colden* v. *Broadway State Bank*, 11 Cal.App.2d 428 [53 P.2d 983].) (2) The only order after judgment contained in the record on appeal is a minute order dated March 1, 1957, which recites that plaintiff's motion for a new trial was abandoned and which denies a motion to set aside the judgment. The motion to set aside the judgment recites that it was made "on the ground that the Court in its judgment made a mistake of fact in stating that there were no additional facts that could be alleged in an amended pleading, and upon the further ground that the court erred in holding that the complaint failed to state a cause of action and in sustaining an objection to the introduction of any evidence." Said motion further recites that it would be based upon the records and files and upon the affidavit of one of plaintiff's

attorneys. The record before us does not contain either the affidavit or any other evidentiary matter offered in support of this motion, which, apparently, amounted to nothing more than a request that the trial court reconsider its original action. The order denying it therefore is nonappealable. (*McKenna* v. *Elliott & Horne Co.*, 118 Cal.App.2d 551 [258 P.2d 528].)

The judgment is affirmed and the purported appeal from the "orders after judgment" is dismissed.

Fox, P. J., concurred.

Ashburn, J., being disqualified, did not participate therein.

Appellant's petition for a hearing by the Supreme Court was denied June 17, 1958. Shenk, J., Carter, J., and Schauer, J., were of the opinion that the petition should be granted.