Filed 10/15/24  Mesce v. Madalow CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| CAROL MESCE et al., | D082133 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. 37-2021-00053747-CU-OR-CTL) |
| TALAL MADALOW et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Richard S. Whitney, Judge.  Dismissed in part and modified and affirmed in part.

Law Offices of Fred S. Pardes and Fred S. Pardes for Plaintiffs and Appellants.

Seltzer Caplan McMahon Vitek and Ricardo Arias for Defendants and Respondents.

## I. INTRODUCTION

Based on their judgment against George Mattia (George),[1] Carol

Mesce[2] and Vanz, LLC (collectively Appellants) sued Talal Madalow and

Ibtisam Madalow (the Madalows), claiming a superior interest in real

property the Madalows obtained from George's mother, Shalah Mattia

(Shalah).  The trial court granted the Madalows' motions to strike portions of

Appellants' complaint and to expunge a lis pendens Appellants recorded

against the disputed property.  Finding the Appellants' complaint deficient

without the lis pendens, the trial court also granted the Madalows' motion for

judgment on the pleadings.

On appeal, Appellants claim the trial court erred on all three motions.

We dismiss the appeal regarding the expungement order because that order

is not appealable, and Appellants did not seek timely writ review.  We affirm

the trial court's other two rulings.  Any error regarding the motion to strike is

either abandoned or harmless and the trial court properly granted the motion

for judgment on the pleadings.

## II. BACKGROUND

On April 3, 2014, Appellants sued numerous defendants for fraud and

conversion (2014 Action).  The complaint alleged George employed a

fraudulent scheme in selling loan portfolios, using multiple alter egos to steal

---

[1]    Because multiple people share the same family name, we refer to those
parties by their first names.  No disrespect is intended.  (See *In re Marriage
of Loyd* (2003) 106 Cal.App.4th 754, 756, fn. 1.)

[2]    After original party Thomas Mesce died during this case, Carole Mesce
was substituted in as the executor of his estate.

and embezzle money from Appellants. Pursuant to a settlement, on April 23, 2021, the trial court entered a $1,160,600 judgment for Appellants against George.[3]

On April 30, 2021, Appellants filed with the Secretary of State a personal property judgment lien to enforce the judgment against George. On June 1, 2021, Appellants also recorded with the San Diego County Recorder an abstract of judgment against George.

On June 2, 2021, Appellants followed those efforts by recording a "NOTICE OF LIS PENDENS FILING OF JUDGMENT LIEN AND ABSTRACT OF JUDGMENT" (Notice), against the real property located at 14153 Hillside Drive, Jamul, CA 91935 (Property). Referencing the 2014 Action, the Notice stated Shalah was the record owner of the Property, George and his wife were the true owners, and the abstract of judgment and personal property judgment lien attached to the Property. It further stated, "The object of this Notice is to assert, declare, establish and enforce [Appellants'] rights, as Judgment Creditors, against any and all assets of any kind belonging to Judgment Debtor George Mattia, including but not limited to [the Property], that arise from, are related to, or are in any way connected to that Abstract of Judgment and/or Judgment Lien in the [2014 Action], as to [the Property]; and to notify all subsequent Purchasers and/or Lenders, of [Appellants'] $1,160,600.00 lien against this property."

On June 4, 2021, Shalah recorded a grant deed transferring the Property to the Madalows. Six months later, on December 27, 2021, Appellants sued the Madalows (2021 Action). Their operative complaint

---

[3] The reason for the 2014 Action's seven-plus-year duration is not disclosed by the record. Neither side disputes the validity of the judgment in the 2014 Action, so we accept it as well.

contained three causes of action:  (1) quiet title; (2) fraudulent conveyance; and (3) declaratory relief.  The quiet title claim alleged superior title to the Property belonged to Appellants based on the Notice, and the Notice also denied the Madalows bona fide purchaser status.  The fraudulent conveyance cause of action made pursuant to Civil Code sections 3439.04 and 3439.07,[4] alleged the Madalows knowingly and actively assisted George in hiding his assets from Appellants.  Therefore, Appellants sought to set aside Shalah's transfer of the Property to the Madalows.  As for the declaratory relief cause of action, Appellants sought a determination of their rights in the Property.

On January 4, 2022, the trial judge from the 2014 Action (a different judge than the one who heard the motions underlying the instant dispute) amended Appellants' judgment against George to add Shalah as judgment debtor because she was George's alter ego.  On January 27, 2022, Appellants, following the amendment to the judgment, filed the Notice in the 2014 Action.

On June 13, 2022, the Madalows successfully demurred to Appellants' fraudulent conveyance cause of action alleged in the 2021 action.  The trial court found the supporting allegations insufficient and denied leave to amend.  The Madalows also prevailed on their motion to strike some of the remaining allegations, and the prayers for relief.  The stricken material related to the alleged fraudulent transfer of the Property and breach of the settlement between Appellants and George.

On October 13, 2022, the Madalows filed a cross-complaint for equitable subrogation against Appellants.  It alleged that the Madalows paid off various liens secured by the Property when they purchased it, and they

---

4    Civil Code sections 3439.04 and 3439.07 authorize creditors to void certain transfers by debtors.

4

are entitled to an equitable lien in that amount if Appellants prevail on their complaint. Appellants filed a demurrer to that cross-complaint on December 1, 2022.

On December 14, 2022, the Madalows filed a motion to expunge the Notice and/or for judgment on the pleadings. They argued the Notice was invalid, and once expunged, Appellants' remaining quiet title action had no merit. The trial court agreed, finding the Notice improper because it was not filed in an action with a real property claim. The trial court further found the Notice expungable because it was not immediately filed with the court after recordation and Appellants failed to show the probable validity of their claim.

The trial court also granted judgment on the pleadings, determining that without the Notice, Appellants failed to allege facts defeating the Madalows' bona fide purchaser status. Acknowledging that Appellants had been wronged, the trial court concluded that Appellants did not identify any facts showing the Madalows were responsible for that wrong. It therefore granted the motion without leave to amend.

On April 3, 2023, the trial court entered judgment in favor of the Madalows and against Appellants. On May 15, 2023, Appellants appealed from the judgment and the orders that both expunged the Notice and granted judgment on the pleadings. On June 16, 2023, the trial court stayed Appellants' demurrer to the Madalows' cross-complaint.[5]

### III. DISCUSSION

Appellants contend the trial court erred in granting the motions to expunge the Notice, to strike portions of the complaint, and to render a

---

[5] On our own motion, we augment the record to include this order. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

judgment on the pleadings. The order expunging the Notice was not appealable; therefore, we dismiss that portion of the appeal. Any error regarding the trial court's ruling on the motion to strike was either abandoned or harmless, and the trial court did not err in granting judgment on the pleadings. We therefore affirm those two rulings.

## A. *Appealability*

### 1. Order Expunging the Notice

An order expunging a lis pendens is not appealable. (Code Civ. Proc., § 405.39.) To obtain review of such an order, the aggrieved party must file a petition for writ of mandate within 20 days of service of written notice of the order. (*Ibid.*)

Appellants did not file a petition for writ of mandate to challenge the trial court's order expunging the Notice. They ask us to treat their appeal as a petition for writ of mandate, arguing their May 15, 2023 notice of appeal was timely filed within 20 days of service of notice of entry of the judgment. However, the deadline under Code of Civil Procedure section 405.39 starts from service of the expungement order, which occurred on March 20, 2023. The notice of appeal was filed 56 days after that date. As such, even if we were to treat the appeal as a petition for writ of mandate, it would be untimely.

Without a petition for writ of mandate, or a filing that we could deem as a timely filed petition, we are without jurisdiction to review the trial court's order expunging the Notice. We therefore dismiss this portion of the appeal.

### 2. The Cross-complaint

6

The judgment entered by the trial court on April 3, 2023, did not mention the Madalows' pending cross-complaint. As such, it is not a final appealable judgment. (*Swain v. California Cas. Ins. Co.* (2002) 99 Cal.App.4th 1, 6.) However, when a judgment effectively disposes of a cross-complaint, "we can amend it to do explicitly what it did only implicitly." (*Ibid.*)

As reflected in Appellants' supplemental briefing and the parties' oral argument, both parties assumed the judgment in this matter resolved the cross-complaint in its entirety. We accept that interpretation because the parties operated under it throughout this appeal. Further, the relief the Madalows sought in their cross-complaint depended on Appellants prevailing on their complaint. We therefore amend the judgment, nunc pro tunc to the date of its entry, to state that the Madalows' cross-complaint is dismissed as moot. As amended, we find the judgment appealable and proceed to the merits.[6]

B.     *Motion to Strike*[7]

---

[6]     Regarding the Madalows' cross-complaint the trial court wrote, "The Court *stays this matter pending the appeal.* The Court agrees the matter appears to be moot given the judgment; *however,* the judgment could be reversed and/or *Defendants might still seek 'attorney's fees and costs of suit where authorized.'* " (Italics added.) This unartfully written order created unnecessary confusion regarding the status of the cross-complaint and its appealability. (*Angell v. Superior Court* (1999) 73 Cal.App.4th 691, 698 ["presence of an unresolved cross-complaint defeats appealability"].) In the future, we urge the trial court to use more caution when fashioning its orders.

[7]     The order granting the motion to strike was not appealable when entered but may be reviewed for abuse of discretion following entry of the judgment. (*Walnut Producers of California v. Diamond Foods, Inc.* (2010) 187 Cal.App.4th 634, 641.)

Appellants argue the trial court erred in granting the motion to strike. They claim the court struck relevant allegations reasonably made on information and belief, and the stricken allegations supported their quiet title and declaratory relief causes of action. But Appellants concede in their reply brief that the stricken material had "no effect upon [their] Quiet Title cause of action," and "pertain[s] only to the Fraudulent Conveyance cause of action." They further state, "The material allegations stating a cause of action to Quiet Title remain." Appellants' counsel made similar assertions during oral argument.

Additionally, Appellants do not challenge the trial court's ruling on the demurrer, in which it dismissed the fraudulent conveyance cause of action. They clarify in their opening brief that they are not seeking to set aside a fraudulent conveyance between the Madalows and Shalah and are instead seeking a declaration that they have superior title to the Madalows.

By acknowledging the stricken allegations were immaterial to their quiet title action,[8] we conclude Appellants have abandoned their claim of error regarding the motion to strike. Similarly, any error in granting the motion to strike would be harmless because according to Appellants, the stricken matters relate to the dismissed and unpursued fraudulent conveyance cause of action. We therefore affirm the order granting the motion to strike.

C.    *Judgment on the Pleadings*

---

[8]    We construe this acknowledgment as also applying to the declaratory relief action. (See *Caira v. Offner* (2005) 126 Cal.App.4th 12, 24 ["An action to quiet title is akin to an action for declaratory relief in that the plaintiff seeks a judgment declaring his rights in relation to a piece of property"].)

Appellants assert they sufficiently pleaded the quiet title and declaratory relief causes of action because the alleged circumstances of the sale, the abstract of judgment, and the Notice prevent the Madalows from being bona fide purchasers. Appellants claim the amended judgment adding Shalah as a debtor relates back to their earlier recorded abstract of judgment against George. They further contend that despite being expunged, the Notice gave the Madalows constructive notice of Appellants' claims because it appeared in their title search and explained George's interest in the Property. Finally, Appellants argue the trial court should have granted them leave to amend because they could have pleaded additional facts to support their claims.[9]

### 1.    Standard of Review

A defendant may move for judgment on the pleadings on the ground that the complaint fails to state facts sufficient to constitute a legally cognizable claim. (Code Civ. Proc., § 438, subd. (c)(1)(B)(ii).) The grounds for the motion must appear on the face of the challenged pleading or be based on judicially noticeable facts. (*Id.*, subd. (d).)

" 'Review of a judgment on the pleadings requires the appellate court to determine, de novo and as a matter of law, whether the complaint states a cause of action. [Citation.] For purposes of this review, we accept as true all material facts alleged in the complaint. [Citation.] Denial of leave to amend after granting a motion for judgment on the pleadings is reviewed for abuse of discretion.' . . . To show an abuse of discretion, the plaintiff has the burden

---

[9]    We summarily reject Appellants' additional claim that the personal property judgment lien against George attached to his hidden interest in the Property. Personal property liens do not attach to real property. (Code Civ. Proc., § 697.530.)

9

of demonstrating that 'there is a reasonable possibility the plaintiff could cure the defect with an amendment.' " (*Foundation for Taxpayer & Consumer Rights v. Nextel Communications, Inc.* (2006) 143 Cal.App.4th 131, 135, citations omitted.)

      2.    <u>Quiet Title and Declaratory Relief Causes of Action</u>

As its name suggests, a claim for declaratory relief seeks an order declaring the parties' rights. (*Caira v. Offner, supra,* 126 Cal.App.4th at p. 24.) "An action to quiet title is akin to an action for declaratory relief in that the plaintiff seeks a judgment declaring his rights in relation to a piece of property." (*Ibid.*)

" 'It is "black-letter law" that a bona fide purchaser for value who acquires his or her interest in real property without knowledge or notice of another's prior rights or interest in the property takes the property free of such unknown interests.' [Citations.] Conversely, 'it is an equally well-established principle of law that any purchaser of real property acquires the property subject to prior interests of which he or she has actual or constructive notice.' [Citation.] 'Actual notice is defined as "express information of a fact," while constructive notice is that "which is imputed by law." ' " (*Vasquez v. LBS Financial Credit Union* (2020) 52 Cal.App.5th 97, 107 (*Vasquez*)*.)*

Constructive notice may be imparted by properly recorded and indexed documents. (*Hochstein v. Romero* (1990) 219 Cal.App.3d 447, 452.) However, "California courts have consistently reasoned that the conclusive imputation of notice of recorded documents depends upon proper indexing[10] because a

---

10    Recorded documents are indexed into various categories based on the type of document and parties involved. (Gov. Code, §§ 27230–27265.)

subsequent purchaser should be charged only with notice of those documents which are locatable by a search of the proper indexes." (*Ibid.*) When an abstract of judgment identifies a husband and wife as debtors, but is only indexed under the husband's name, it will not provide constructive notice regarding the judgment against the wife. (*Id.* at pp. 449–450, 453–454.)

Constructive notice may also arise in a different context known as inquiry notice. (*Vasquez, supra,* 52 Cal.App.5th at p. 108.) " 'Every person who has actual notice of circumstances sufficient to put a prudent person upon inquiry as to a particular fact has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he or she might have learned that fact.' " (*Ibid.*)

3.     Analysis

The complaint's claim of superior title based on the Notice fails because as discussed above, the Notice was invalid. Additionally, the June 2021 abstract of judgment filed with the Recorder's Office did not impart constructive knowledge of Appellants' claim. It only identified George as the debtor, who was not the record owner of the Property. As such, any subsequent purchaser such as the Madalows would not have discovered the abstract by searching the indexes related to the Property because the Property was solely titled in Shalah's name, not George's. For that reason, the amended judgment that added Shalah after the Madalows obtained their interest in the property cannot relate back to the abstract of judgment for constructive notice purposes. In addition, we disagree for two reasons with Appellants' claim that the Madalows had inquiry notice based on a purported title search revealing the Notice. First, these facts are not alleged in the complaint. Second, the title search that Appellants cite occurred on January 12, 2022, over six months after the Madalows acquired title to the

11

Property on June 4, 2021. And, that title search does not identify the Notice at issue here, but rather a different lis pendens recorded on December 29, 2021, regarding the 2021 Action.

Nor can we conclude the circumstances of the property sale support Appellants' claims. Appellants argue George was the sole contact for the Madalows during the transaction, there was a quick escrow, and no real estate broker was used. But George's status as sole contact and the absence of a real estate broker are not alleged in the complaint. The only alleged circumstance is the quick escrow, which is insufficient to make a reasonable person suspect George had a hidden interest in the Property subject to an unsatisfied judgment.

Finally, despite requesting leave to amend, Appellants never identified what facts they would allege to cure the complaint's deficiencies. Although they referenced facts outside the complaint when arguing they sufficiently pleaded their causes of action, they never represented they would plead those facts, or any others, if granted leave to amend. Because Appellants are unwilling to commit to any potential new allegations, they have failed to carry their burden on this issue. (*Holden v. City of San Diego* (2019) 43 Cal.App.5th 404, 418 [" 'Issues do not have a life of their own: if they are not raised or supported by [substantive] argument or citation to authority, we consider the issues waived' "].) Appellants therefore fail to show the trial court abused its discretion in denying leave to amend.

## IV. DISPOSITION

The appeal of the trial court's order expunging the Notice is dismissed. The judgment is modified, nunc pro tunc to the date of its entry, to provide that the Madalows' cross-complaint is dismissed as moot. As so modified, the judgment is affirmed. The Madalows are awarded costs on appeal.


RUBIN, J.

WE CONCUR:


BUCHANAN, Acting P. J.


KELETY, J.

13